of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).

Barbara DILWORTH, Appellant,

v.

Nathaniel MURDOCK, M.D., and Barnes–Jewish Hospital, Respondents.

No. ED 93524.

Missouri Court of Appeals, Eastern District, Division One.

June 22, 2010.

Arthur Shivers, St. Louis, MO, for appellant.

Theodore Agneil, Bobbie Moon, St. Louis, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., CLIFFORD H. AHRENS, J., and NANNETTE A. BAKER, J.

***ORDER***

PER CURIAM.

Barbara Dilworth ("Ms. Dilworth") brought a medical malpractice claim against Dr. Nathaniel Murdock and Barnes–Jewish Hospital (collectively "Defendants") in the Circuit Court of the City of St. Louis. A jury returned a verdict in favor of Defendants and Ms. Dilworth appeals.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).

STATE of Missouri, Respondent,

v.

Reginald MILLER, Appellant.

No. ED 93041.

Missouri Court of Appeals, Eastern District, Division Two.

June 22, 2010.

Emily N. Kaiser, St. Charles, MO, for Appellant.

Christopher A. Koster, Attorney General, Jamie P. Rasmussen, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before SHERRI B. SULLIVAN, P.J. and ROBERT G. DOWD, JR. and PATRICIA L. COHEN, JJ.

### ORDER

PER CURIAM.

Reginald Miller ("Defendant") appeals from the judgment upon his convictions by

a jury of first-degree statutory sodomy, Section 566.062, RSMo 2000, and incest, Section 568.020, RSMo 2000. Defendant raises two points on appeal. Defendant claims (1) the trial court erred and abused its discretion in admitting testimony referencing Defendant's uncharged sexual misconduct with the victim, and in failing to declare a mistrial *sua sponte* after the State made reference to uncharged sexual misconduct with the victim in opening statement, and (2) the trial court erred in admitting the testimony of Detective Robert Jauer ("Detective Jauer") mentioning an interview that took place at the Child's Advocacy Center. We affirm.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 30.25(b).