Michael F. TRICE, Appellant,

v.

STATE of Missouri, Respondent.

. No. ED 95528.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 2011.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 2011.

Scott Thompson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Shaun MacKelprang, Karen L. Kramer, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

*Background and Procedural History*

A jury found Appellant guilty of one count of first-degree statutory rape and sentenced Appellant to a term of fifteen years. On direct appeal, this Court affirmed Appellant's conviction and sentence. *State v. Trice*, 209 S.W.3d 52 (Mo. App. E.D.2008). The mandate from Appellant's direct appeal issued on 11 January 2007.

Appellant's Form 40, *pro se* Rule 29.15 motion for ineffective assistance of post-conviction counsel, was stamped as received by the circuit clerk on 12 April 2007—91 days after this Court issued its mandate and one day past the 90 day requirement in Rule 29.15(b).[1] Appellant alleged he had done everything within his powers to ensure the motion was timely filed. Pointing to an alleged 5 April 2007 receipt by the Bonne Terre post office, Appellant claimed his motion was incorrectly stamped by the circuit clerk. Appellant did not provide any facts to support his assertion. Ultimately, the motion court considered the motion timely but denied Appellant's motion for ineffective

---

1. Respondent notes the docket sheets show the motion filed on 21 April 2007, but the date stamped by the circuit clerk is the official date of receipt. *See Shields v. State,* 87 S.W.3d 355, 357 (Mo.Ct.App.E.D.2002).

assistance of post-conviction counsel without an evidentiary hearing.[2]

### Standard of Review

This Court reviews the motion court's findings, conclusions and decisions under Rule 29.15 for clear error. Rule 29.15(k); *Jackson v. State*, 205 S.W.3d 282, 284 (Mo. App. E.D.2006). The motion court's findings, conclusions and decisions are clearly erroneous only if review of the record as a whole leaves this Court with the firm and definite impression that a mistake has been made. *Id.*

### Discussion

■ We will first consider the timeliness of Appellant's *pro se* motion because it is dispositive of this case. The State contends the motion court erred in considering the merits of Appellant's motion for post-conviction relief because the motion was untimely as it was stamped as received 91 days after the mandate issued and Appellant has not identified any exceptional circumstances outside of Appellant's control preventing the timely receipt of his motion that justify the motion court's excusal. Appellant contends the motion court properly considered Appellant's motion because the motion was either received in time but incorrectly marked by the circuit clerk's office or, if untimely, the untimeliness was caused by circumstances beyond Appellant's control justifying the motion court's excusal.

■ Rule 29.15(b) provides that if an appeal of the judgment or sentence sought to be vacated, set aside, or corrected was taken, the motion for post-conviction relief must be filed "within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." This time limit is mandatory and constitutional. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). A post-conviction motion is considered filed when deposited with the circuit court clerk, not when the motion is mailed. *Shields v. State*, 87 S.W.3d 355, 357 (Mo.Ct.App.E.D.2002). Failure to file a motion within the 90 days provided constitutes a complete waiver of any right to proceed under Rule 29.15. Rule 29.15(b); *Malone v. State*, 798 S.W.2d 149, 151 (Mo. banc 1990). When a motion is filed outside the time limits, the motion court has no option but to dismiss. *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009). An untimely Rule 29.15 *pro se* motion is a fatal defect that cannot be cured by filing a timely amended motion. *Shields*, 87 S.W.3d at 357.

However, on rare occasions, "our courts have found an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court." *McFadden v. State*, 256 S.W.3d 103, 108 (Mo. banc 2008). In *McFadden*, the untimeliness was excused where the movant was found to have been abandoned by counsel who promised she would file the *pro se* motion for the movant but then failed to timely file. *Id.* Applying the narrow exception from *McFadden*, this Court excused the untimely filing of a pro se motion where the motion was mailed 20 days before it was due and multiple errors and deviations from stated policy by the prison mailroom caused the motion to be lost in the system for 50 days. *Howard v. State*, 289 S.W.3d 651 (Mo.Ct.App.E.D.2009).

---

2. Appointed counsel filed an amended Rule 29.15 motion and asked the court to excuse the untimely filing of the amended motion pursuant to *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991) as its lateness was appointed counsel's fault, not Appellant's fault. The motion court granted Appellant's motion, considered the amended motion timely, and then rejected Appellant's motion on the merits.

Appellant's post-conviction motion was considered filed when it was stamped as received by the circuit clerk on 12 April 2007. Thus, Appellant's motion was filed 91–days after this Court issued its mandate. Appellant's motion was untimely and, under the general rule, should have been considered a waiver of Appellant's right to proceed under Rule 29.15 and dismissed by the motion court.

The facts in this case are distinguishable from the rare and narrow exceptions found in *McFadden* and *Howard*. Appellant was not abandoned by counsel who promised to timely file Appellant's *pro se* motion. Appellant has not identified any error by the United States Postal Service or other entity that rises to the level of the "unique circumstances" in *Howard* that would place the untimeliness beyond Appellant's control. This Court is left to conclude Appellant's motion was untimely because Appellant failed to mail it with sufficient time or at sufficient speed to ensure it would arrive before the 90 day window closed on 11 April 2007.

### Conclusion

Appellant's *pro se* motion was untimely filed. The untimeliness was caused by Appellant's own actions and/or inactions rather than any rare or exceptional circumstances beyond Appellant's control which would justify the motion court's excusal. Under both the general rule and the narrow exception recognized in cases like Howard, this Court is left with the firm and definite impression a mistake has been made. The motion court clearly erred in ruling Appellant's motion timely filed. Appellant's failure to timely file constituted a waiver of his right to proceed under Rule 29.15. The judgment should be REVERSED and REMANDED with directions to DISMISS Appellant's Rule 29.15 motion as untimely filed.