**Rashaun GRAVES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 74282.**

Missouri Court of Appeals,
Western District.

June 29, 2012.

---

---

Ruth Sanders, for Appellant.

Jennifer A. Wideman, for Respondent.

Before Division One: JOSEPH M. ELLIS, Presiding Judge, JAMES E. WELSH, Judge and ALOK AHUJA, Judge.

JOSEPH M. ELLIS, Judge.

Rashaun Graves appeals from the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Because the motion court refused to hear evidence related to the timeliness of his motion, the cause is reversed and remanded for further proceedings.

As it pertains to this case, Appellant was originally charged by indictment in the Circuit Court of Jackson County with three counts of robbery in the first degree, § 569.020; one count of attempted robbery in the first degree, § 569.020; and four counts of armed criminal action, § 571.015. He was tried by jury from May 13–15, 2008. After the jury was empanelled, the State dismissed the armed criminal action counts. Eventually, the jury found Appellant guilty on the robbery and attempted robbery counts. The trial court sentenced Appellant to concurrent terms of twenty-years imprisonment on the three robbery counts and ten-years on the attempted robbery count. Appellant's convictions and sentences were affirmed by this Court on direct appeal. *State v. Graves,* 314 S.W.3d 880, 881 (Mo.App. W.D.2010). We issued our mandate on August 18, 2010.

Appellant subsequently filed a *pro se* Rule 29.15 motion for post-conviction relief. That motion was filed-stamped on November 23, 2010. The word "FILED" was crossed-out, and the word "Received" was hand-written above it. Appointed counsel later filed an amended motion. In the amended motion, Appellant claimed that counsel on direct appeal had been ineffective for failing to assert that the trial court had erred in denying his request that the jury panel be quashed after the State dropped the armed criminal action charges because an instruction containing those charges had already been read to the panel. He argued that a reasonably competent attorney would have raised this claim on appeal and that the claim would have been found meritorious by the court of appeals. Appellant also specifically requested that he be allowed to present evidence to the motion court establishing that his post-conviction motion had been timely filed. He claimed his evidence would demonstrate:

> Movant's attorney, Laura Martin, provided Movant with a blank form 40 *pro se* motion. Movant filled out the form

40 and mailed it to Division 7 of the Jackson County Circuit Court instead of the Circuit Clerk's office.

Division 7 was without a Judicial Administrative Assistant from October 22, 2010, until November 8, 2010. Movant's *pro se* motion arrived in the Division's mail some time [sic] between October 22, 2010, and November 8, 2010. Division 7 did not file stamp the motion before November 23, 2010.

Criminal records brought the *pro se* motion to Division 7 on November 23, 2010. Due to the criminal case number on the *pro se* motion, it is possible that criminal records originally received the motion from Division 7 personnel on an earlier date, and then returned it to Division 7 on November 23, 2010. The envelope in which the *pro se* postconviction [sic] motion arrived has been lost.

At the start of the hearing on Appellant's motion, the following exchange occurred:

The Court: We're here on the Amended Motion to Vacate, Set Aside, Correct Judgment and Sentence. Anything else we're here on?

Defense Counsel: Before we take evidence on the motion, I would like to put on the record that there was an issue when Mr. Graves filed his Form 40 *pro se*, postconviction [sic] motion. There was an issue because it was not file-stamped until November 23rd of 2010.

The Court: That's right. And I think we've all talked about that, and we looked at the issue sometime ago. And it was at a time when our JAA left, I think we didn't have a new JAA at all, and we had a bunch of trial activity going on. And we don't take the position that it was filed on time or not on time, but I do believe that there is no way to determine whether it was on time or not, and that, therefore, we're going

to find that it was on time. So I think that pulls that out of the case.

Prosecutor: And, Judge, for the record, the State has no objection to the—

The Court: Yeah, we'll put that out of the case. And I am right that the only thing that we're here on, though, is this one motion, correct?

Defense Counsel: Yes, that's correct.

Following the hearing, the motion court issued its findings of fact and conclusions of law denying Appellant's motion on the merits.

■ Appellant brings one point on appeal challenging that decision. The State responds by contending that motion court's decision must be reversed and the cause remanded for an evidentiary hearing and a determination of whether his post-conviction motion was timely filed.

■ This Court has a duty to enforce the mandatory time limits and resulting complete waiver of the right to proceed in the post-conviction rules, even if the issue is not raised before the motion court. *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). Furthermore, "[t]he State cannot waive movant's noncompliance with the time limits in Rules 29.15 and 24.035." *Id.* If the motion was not timely filed, it must be dismissed, as neither the motion court nor this Court has any authority to address the merits of Appellant's post-conviction claims. *Id.* at 267–68.

■ In filing a motion pursuant to Rule 29.15, the movant must allege facts showing a basis for relief and must also allege facts establishing that the motion is timely filed. *Id.* at 267 (internal citation omitted). The movant must then prove those allegations. *Id.* Accordingly, "[i]n addition to proving his substantive claims, the movant must show he filed his motion within the time limits provided in the Rules." *Id.* "A post-conviction motion is

considered filed when deposited with the circuit court clerk." *Trice v. State,* 344 S.W.3d 277, 278 (Mo.App. E.D.2011). To meet his burden of proof regarding the timeliness of the motion, the movant must prove by a preponderance of the evidence either: (1) that the time stamp on the file reflects that it was filed within the time limits proscribed by the rule, (2) that he falls within a recognized exception to the time limits, or (3) that the court misfiled the motion. *Dorris,* 360 S.W.3d at 267.

In the case at bar, the timestamp reflects a date beyond the deadline for the filing of Appellant's post-conviction motion. As conceded by the State, however, Appellant sufficiently alleged facts which, if proven, could still support a finding that his motion was timely. At the hearing, which occurred well before the Missouri Supreme Court handed down *Dorris v. State,* 360 S.W.3d 260 (Mo. banc 2012), the motion court denied Appellant the opportunity to present his evidence related to the timeliness of the motion. While Appellant points to the motion court's statement that it was finding that the motion was timely filed, such a finding has no evidentiary support in the record. Accordingly, we must reverse the motion court's decision and remand the case for an evidentiary hearing, a factual determination of whether the motion was timely filed,[1] and for any further proceedings consistent with this opinion. *Id.* at 270.

All concur.

---

1.  While the motion court expressed its doubt that there was any way to determine whether the motion was timely filed, such a determination may well be possible based solely upon the motion court's assessment of whether Appellant's testimony about when the motion was mailed is credible. If mailed sufficiently before the filing deadline, an inference could certainly be made that it was received by the court on or before the deadline.