**Derick MILLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 74785.**

Missouri Court of Appeals,
Western District.

Nov. 27, 2012.

Mark A. Grothoff, Columbia, MO, for appellant.

Daniel N. McPherson, Jefferson City, MO, for respondent.

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Derick Miller ("Miller") appeals the denial of his Rule 29.15 post-conviction relief motion after an evidentiary hearing. For the reasons herein explained, we reverse and vacate the judgment and remand the case for a determination of the timeliness of Miller's post-conviction motion and for further consistent proceedings.

### Factual and Procedural History [1]

Miller was charged with two counts of second-degree statutory rape and six counts of second-degree statutory sodomy. The trial court granted Miller's motion for judgment of acquittal as to one count of second-degree statutory sodomy and submitted the remaining seven counts to the jury. The jury found Miller not guilty of one count of second-degree statutory sodomy, but guilty of two counts of second-degree statutory rape and four counts of second-degree statutory sodomy. The trial court sentenced Miller to seven years' imprisonment on each count of second-degree statutory sodomy and to five years' imprisonment on each count of second-degree statutory rape. All sentences were ordered to run consecutively.

Miller's direct appeal of his convictions was affirmed by this court in *State v. Miller*, 307 S.W.3d 233 (Mo.App. W.D. 2010). We issued our mandate on May 5, 2010.

On September 20, 2010, Miller filed a *pro se* Rule 29.15 motion ("PCR Motion"), along with a letter to the court clerk explaining in detail that the PCR Motion had not been timely filed [2] because of a mishap in mailroom procedures at the prison. [3] A hearing was held on October 21, 2010, at which time the court appointed post-conviction counsel to represent Miller. There is no indication in the record that the motion court addressed the timeliness of the PCR Motion during this hearing. An amended motion was filed by post-conviction counsel on May 18, 2011 ("Amended PCR Motion"). On September 6, 2011, an evidentiary hearing was held to consider the merits of the Amended PCR Motion. The motion court did not hear evidence regarding the timeliness of Miller's original *pro se* PCR Motion. On December 6,

---

1. The facts are viewed in the light most favorable to the verdict. *State v. Donahue*, 280 S.W.3d 700, 701 (Mo.App. W.D.2009).

2. If a defendant appeals a judgment of conviction, a post-conviction motion "shall be filed within 90 days after the mandate of the appellate court is issued affirming such judgment or sentence." Rule 29.15(b); Rule 24.035(b). Here, as our mandate was issued on May 5, 2010, Miller was required to file his Rule 29.15 motion by August 3, 2010.

3. Miller's letter claimed that he mailed the PCR Motion, postage prepaid, so that it would reach the court on July 26, 2010; that on July 26, 2010, he received a notice from prison mailroom personnel that additional postage of $0.33 was required; that he sent the additional postage to the mailroom that same day; that he later contacted the court clerk and learned that the PCR Motion had not been received; and that Miller's caseworker at the prison discovered the PCR Motion was still in the mailroom.

2011, the motion court denied Miller's Amended PCR Motion. The timeliness of Miller's original *pro se* PCR Motion was not determined in the judgment.

Miller appeals.

## Timeliness of the PCR Motion

During the pendency of this appeal, Miller filed a "Motion to Remand for Determination of Timeliness" ("Motion to Remand"), which was taken with the case. In the Motion to Remand, Miller argues that this case must be remanded to determine the timeliness of his original *pro se* PCR Motion. The State agrees.

■ Our courts are obligated to enforce the mandatory time limits associated with post-conviction relief, even if the issue of timeliness is not raised by the State in the motion court. *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). "The State cannot waive [a] movant's noncompliance with the time limits in Rules 29.15 and 24.035." *Id.* If a post-conviction motion under either Rule 29.15 or Rule 24.035 is "not timely filed, it must be dismissed, as neither the motion court nor this Court has any authority to address the merits of Appellant's post-conviction claims." *Graves v. State*, 372 S.W.3d 546, 548 (Mo. App. W.D.2012) (citing *Dorris*, 360 S.W.3d at 267–68).

■ "In a motion filed pursuant to Rule 29.15, the movant must allege facts showing a basis for relief to entitle the movant to an evidentiary hearing." *Dorris*, 360 S.W.3d at 267 (citing *Pollard v. State*, 807 S.W.2d 498, 501 (Mo. banc 1991)). Those allegations must address the right to substantive relief, and must as well permit the motion court to conclude that the motion has been timely filed. *Id.* ("In addition to proving his substantive claims, the movant must show he filed his motion within the time limits provided in the Rules.").

■ " 'A post-conviction motion is considered filed when deposited with the circuit court clerk.' " *Graves*, 372 S.W.3d at 548–49 (quoting *Trice v. State*, 344 S.W.3d 277, 278 (Mo.App. E.D.2011)). Miller admits his PCR Motion was not "deposited" with the circuit court clerk until September 20, 2010, well after the date required by Rule 29.15. Miller argued in a letter submitted with his PCR Motion that his delinquent filing should be excused as it was a result of prison mailroom errors beyond his control.

■ In *Dorris*, our Supreme Court recognized that a movant can meet his burden to allege that he timely filed a post-conviction relief motion by either:

(1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) *alleging* and proving by a preponderance of the evidence *in his motion that he falls within a recognized exception to the time limits;* or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the [original *pro se* ] motion.

360 S.W.3d at 267 (emphasis added). Options 1 and 3 clearly have no application here. However, Miller's letter to the circuit court clerk which accompanied his PCR Motion alleged facts explaining the delinquent filing. Miller thus satisfied his burden "to allege facts showing that he timely filed his motion." *Dorris*, 360 S.W.3d at 267. This is critical. In the absence of Miller's allegation of facts that could, if believed, excuse the facial delinquency of the original motion filing, we would be required to remand this case to require dismissal of Miller's Rule 29.15 proceeding. *See id.* at 264–65 (post-conviction motions filed by two movants which bore time stamps showing they were filed

15 days and 6 days late were *not* remanded for a hearing to determine timeliness as no allegation had been made by the movants to explain their delinquency).[4]

More to the point, Miller's explanation for failing to timely deposit his PCR Motion with the circuit clerk, *if proved by a preponderance of the evidence,* might fall within a recognized exception to the time limits for filing post-conviction motions. *See Howard v. State,* 289 S.W.3d 651, 652–53 (Mo.App. E.D.2009) (holding that mishandling of post-conviction motion by prison mailroom warranted treating delinquently filed motion as timely); *see also, McFadden v. State,* 256 S.W.3d 103, 108 (Mo. banc 2008) ("[O]ur courts have found an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the [post-conviction] motion by the proper court."); *Nicholson v. State,* 151 S.W.3d 369, 371 (Mo. banc 2004) (holding post-conviction motion mailed to wrong venue, then forwarded to correct venue after filing deadline should be heard); *Spells v. State,* 213 S.W.3d 700, 702 (Mo.App. W.D.2007) (holding that post-conviction motion mailed to wrong court address where address had recently changed should have been entertained); *but see Moore v. State,* 328 S.W.3d 700, 702–03 (Mo. banc 2010) (holding movant's claim that appellate counsel failed to advise of mandate did not excuse untimely filing of post-conviction motion); *Trice,* 344 S.W.3d at 279 (holding movant failed to establish excuse for late filed motion where movant did not mail motion permitting sufficient time for its timely arrival).

We are thus required to remand this case to the motion court for a hearing to determine, in the first instance, whether Miller's original *pro se* PCR Motion was timely filed. *Graves,* 372 S.W.3d at 548. It is of no consequence that the motion court has already rejected Miller's Amended PCR Motion on its merits, or that a finding on remand that the original *pro se* PCR Motion was timely filed may leave Miller with a hollow victory. *See Dorris,* 360 S.W.3d at 264–65, 270 (remanding case to determine timeliness of movant's post-conviction motion where movant had been prepared to put on evidence to explain motion's facial delinquency, even though motion court heard and denied the post-conviction motion on its merits.) The fact is that the motion court had no authority to entertain the merits of Miller's Amended PCR Motion (and correspondingly, we have no authority to entertain Miller's appeal from the denial of said motion) in the absence of a determination that the original *pro se* PCR Motion was timely filed. *Id.* at 268.

## Conclusion

Miller's uncontested Motion to Remand is granted. The motion court's judgment is vacated and this case is remanded. On remand, the motion court shall determine whether Miller's delinquently filed original *pro se* PCR Motion falls within a recognized exception to the Rule 29.15 and Rule 24.035 time limits, and shall thereafter proceed accordingly.

All concur.

---

4. *Dorris* consisted of the consolidation of the appeals of three different post-conviction relief movants. Two of the cases were remanded with instructions to dismiss the post-conviction motions as untimely. One of the cases was remanded to determine the timeliness of the movant's motion. *Dorris,* 360 S.W.3d at 270.