**Antonio ANDREWS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 98261.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 11, 2012.

Antonio Andrews, Bonne Terre, MO, pro se.

Chris Koster, Evan J. Buchheim, Jefferson City, MO, for Respondent.

Before ROBERT G. DOWD, JR., P.J., ROY L. RICHTER, J., and ANGELA T. QUIGLESS, J.

## MEMORANDUM DECISION

PER CURIAM.

Antonio A. Andrews ("Movant") appeals from the motion court's dismissal of his Rule 29.15 post-conviction motion, seeking to vacate his convictions and sentences based upon ineffective assistance of counsel. Following a trial, Movant was convicted of murder in the first degree and armed criminal action and was sentenced to consecutive terms of life without parole and fifty years. The Missouri Supreme Court affirmed Movant's convictions and sentences on direct appeal in *State v. Andrews,* 329 S.W.3d 369, 370–71 (Mo. banc 2010). Its mandate issued on January 25, 2011. Movant filed a writ of certiorari seeking relief with the United States Supreme Court, which was denied on June 27, 2011. Movant filed his post-conviction relief motion with the motion court on September 26, 2011.

Rule 29.15(b) requires that a post-conviction relief motion be filed within ninety days after the issuance of the mandate where an appeal is taken; this time constraint is valid and mandatory. *State v. Roll,* 942 S.W.2d 370 (Mo. banc 1997). Because Movant filed his post-conviction relief motion out of time-approximately eight months after the mandate issued, neither the motion court nor this Court has any authority to address the merits of his claims. *See Graves v. State,* 372 S.W.3d 546, 548 (Mo.App. W.D.2012). Movant's filing of a petition for a writ of certiorari with the United States Supreme Court does not impact the time provision of Rule 29.15(b). *Clark v. State,* 261 S.W.3d 565,

569 (Mo.App. E.D.2008). Post-conviction relief motions filed out of time should be dismissed. *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009).

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. The judgment dismissing Movant's motion is affirmed pursuant to Rule 84.16(b).

AFFIRMED.