**Donn McPHERSON, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 98940.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 20, 2013.

Jessica M. Hathaway, St. Louis, MO, for appellant.

Chris Koster, Robert J. (Jeff) Bartholomew, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

*Introduction*

Donn McPherson (Movant) appeals from the motion court's judgment denying on the merits his amended motion under Rule

24.035 [1] without an evidentiary hearing. We vacate the judgment and remand with instructions to dismiss the Rule 24.035 motion, because Movant failed to timely file his *pro se* motion.

### Background

Movant pleaded guilty to one count of the class A felony of robbery in the first degree, and the trial court sentenced him to ten years' imprisonment. He did not appeal the sentence or judgment. He was delivered to the Department of Corrections on August 1, 2011. On January 31, 2012, Movant filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. Through appointed counsel, he filed an amended motion and request for an evidentiary hearing. The motion court denied his motion on the merits without an evidentiary hearing. This appeal follows.

### Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). This court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. *Weeks*, 140 S.W.3d at 44.

### Discussion

Motion courts have a duty to enforce the mandatory time limits associated with post-conviction relief, even if the issue of timeliness is not raised by the State. *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). If a motion for post-conviction relief is not timely filed, "it must be dismissed, as neither the motion court nor this Court has any authority to address the merits of Appellant's post-conviction claims." *Miller v. State*, 386 S.W.3d 225, 227 (Mo.App. W.D.2012). Rule 24.035(b) provides that if a movant did not appeal the judgment or sentence, he "shall" file his *pro se* motion with the court within 180 days of the date he was delivered to the custody of the Department of Corrections.

When a movant files a Rule 24.035 motion, the movant must allege facts showing a basis for relief and establishing that the motion was timely filed. *Dorris*, 360 S.W.3d at 267. The burden falls on the movant to demonstrate timeliness. *Id.* The movant can meet this burden by, *inter alia*, showing the time stamp on the file was within the time limits proscribed by the rule, or alleging and proving by a preponderance of the evidence that he falls within a recognized exception to the time limit. *Miller*, 386 S.W.3d at 227. The judicially recognized exceptions to the post-conviction relief timeliness requirements are: (1) when the motion was timely delivered to the court, but the court lost or misfiled the motion; (2) when post-conviction counsel abandoned the movant; and (3) "in very rare circumstances where an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court." *Wiley v. State*, 368 S.W.3d 236, 238 (Mo.App. E.D.2012) (quotation marks and citation omitted).

Here, Movant did not appeal the judgment or sentence, and thus was required to file his Rule 24.035 motion within 180 days of the day he was delivered to the Department of Corrections. He was delivered on August 1, 2011, and, accordingly, his Rule 24.035 motion was due on January 28, 2012. *See* Rule 24.035(b). Because January 28 was a Saturday, his motion was

---

1. All rule references are to Mo. R.Crim. P.2012, unless otherwise indicated.

due the following day that was "neither a Saturday, Sunday nor a legal holiday," which in this case was Monday, January 30, 2012. Mo. R. Civil P. 44(a). Movant filed his motion on Tuesday, January 31, 2012, one day out of time.

 Rule 24.035(b) provides that the "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in the motion filed pursuant to this Rule 24.035." Movant's failure here to timely file his *pro se* 24.035 motion constituted a complete waiver of his right to proceed with his post-conviction motion. *Dorris,* 360 S.W.3d at 268. Because the motion court did not have authority to hear his motion on the merits, it was required to dismiss the motion.[2] *Id.*

 Moreover, we note that Movant did not allege his motion should be considered timely filed under one of the recognized exceptions. "In. the absence of [an] allegation of facts that could, if believed, excuse the facial delinquency of the original motion filing, we [are] required to remand this case to require dismissal of [the post-conviction relief] proceeding." *Miller,* 386 S.W.3d at 227; *see also Dorris,* 360 S.W.3d at 264–65, 270 (finding court of appeals correctly remanded untimely post-conviction motions to motion court for dismissal when movants made no allegation to explain lack of timeliness).

### Conclusion

The judgment of the motion court is vacated, and the cause is remanded to the motion court with instructions to dismiss Movant's untimely Rule 24.035 motion.

ROBERT M. CLAYTON III, C.J., and MICHAEL K. MULLEN, S.J., concur.

---

2. Dismissing the Rule 24.035 motion for being one day late may appear harsh; however, our review of the record does not show ineffective assistance of trial counsel.