**Reginald MILLER, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 99265.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 17, 2013.

Lisa M. Stroup, St. Louis, MO, for appellant.

Chris Koster, Mary H. Moore, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

*Introduction*

Reginald Miller (Movant) appeals from the motion court's judgment denying on the merits his amended motion under Rule 29.15[1] without an evidentiary hearing. We vacate the judgment and remand with instructions to dismiss the Rule 29.15 motion, because Movant failed to timely file his *pro se* motion.

1. All rule references are to Mo. R.Crim. P.2013, unless otherwise indicated.

## Background

Movant was charged as a prior offender with one count of statutory sodomy in the first degree and one count of the class D felony of incest. After a jury trial, he was convicted on both counts. The court sentenced him to sixteen years' imprisonment in the Missouri Department of Corrections on the count of first-degree statutory sodomy, and four years on the incest count, to be served concurrently. His conviction and sentence were affirmed on appeal, and this Court issued its mandate on July 15, 2010. *State v. Miller*, 314 S.W.3d 392 (Mo.App. E.D.2010) (per curiam).

■ On November 12, 2010,[2] Movant filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. Through appointed counsel, he later filed an amended motion and a request for an evidentiary hearing. The motion court denied his motion on the merits without an evidentiary hearing. This appeal follows.

## Standard of Review

■ Our review of the denial of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); *Johnson v. State*, 388 S.W.3d 159, 162–63 (Mo. banc 2012). This Court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. *Johnson*, 388 S.W.3d at 163.

## Discussion

■ Motion courts have a duty to enforce the mandatory time limits associated with post-conviction relief, even if the issue of timeliness is not raised by the State. *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). If a motion for post-conviction relief is not timely filed, "it must be dismissed, as neither the motion court nor this Court has any authority to address the merits of [an a]ppellant's post-conviction claims." *Miller v. State*, 386 S.W.3d 225, 227 (Mo.App. W.D.2012) (citation omitted). Rule 29.15(b) provides that if a movant appeals the judgment or sentence, he "shall" file his *pro se* motion with the court within 90 days of the date the appellate court issued its mandate affirming such judgment or sentence.

■ When a movant files a Rule 29.15 motion, the movant must allege facts showing a basis for relief and establishing that the motion was timely filed. *Dorris*, 360 S.W.3d at 267. The burden falls on the movant to demonstrate timeliness. *See id.* The movant can meet this burden by, *inter alia*, showing the time stamp on the file was within the time limits prescribed by the rule, or alleging and proving by a preponderance of the evidence that he falls within a recognized exception to the time limit. *Miller*, 386 S.W.3d at 227. The judicially recognized exceptions to the post-conviction relief timeliness requirements are: (1) when the motion was timely delivered to the court, but the court lost or misfiled the motion; (2) when post-conviction counsel abandoned the movant; and (3) "in very rare circumstances where an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper

---

**2.** Movant asserts he originally mailed the Rule 29.15 motion to this Court on October 27, 2010, and this Court returned the motion on November 2, 2010, with instructions to file it with the City of St. Louis Circuit Court. We note, first, that a document is considered filed when it is deposited with the circuit court clerk, which, here, was November 12, 2010. *Shields v. State*, 87 S.W.3d 355, 357 (Mo.App. E.D.2002). Moreover, even if we did consider the date Movant incorrectly filed his motion with this Court, his initial mailing date of October 27 was already untimely.

court." *Wiley v. State*, 368 S.W.3d 236, 238 (Mo.App. E.D.2012) (citation omitted).

Here, Movant appealed his judgment, and thus he was required to file his Rule 29.15 motion within 90 days of the date the mandate was issued affirming his judgment or sentence. This Court handed down its mandate affirming the underlying judgment and sentence on July 15, 2010, and, accordingly, Movant's Rule 29.15 motion was due on Wednesday, October 13, 2010. *See* Rule 29.15(b). Movant filed his motion on November 12, 2010, nearly one month out of time.

■ Rule 29.15(b) provides that the "[f]ailure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in the motion filed pursuant to this Rule 29.15." Movant's failure here to timely file his *pro se* 29.15 motion constituted a complete waiver of his right to proceed with his post-conviction motion. *Dorris*, 360 S.W.3d at 268. Because the motion court did not have authority to hear his motion on the merits, it was required to dismiss the motion. *Id.*

■ Moreover, we note that Movant did not allege his motion should be considered timely filed under one of the recognized exceptions. "In the absence of [an] allegation of facts that could, if believed, excuse the facial delinquency of the original motion filing, we [are] required to remand this case to require dismissal of [the] Rule 29.15 proceeding." *Miller*, 386 S.W.3d at 227; *see also Dorris*, 360 S.W.3d at 264–65, 270 (finding Court of Appeals correctly remanded untimely post-conviction motions to motion court for dismissal when movants made no allegation to explain lack of timeliness).

*Conclusion*

The judgment of the motion court is vacated, and the cause is remanded to the motion court with instructions to dismiss Movant's untimely Rule 29.15 motion.

LISA S. VAN AMBURG, P.J., concurs PATRICIA L. COHEN, J., concurs.