

# Missouri Court of Appeals
## Southern District

### In Division

JAMES W. HENNEHA,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Movant-Appellant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. SD37556
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Filed: **April 6, 2023**
STATE OF MISSOURI,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Respondent-Respondent.⠀⠀)

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David B. Mouton, Circuit Judge

### **AFFIRMED**

⠀⠀⠀⠀James W. Henneha ("Henneha") appeals the denial of post-conviction relief by the

Circuit Court of Jasper County (the "motion court") after an evidentiary hearing.  The motion

court denied Henneha's amended Rule 29.15[1] motion (the "amended 29.15 motion") and

dismissed his Rule 29.15 *pro se* motion for post-conviction relief (the "29.15 motion") "as

untimely filed by result of [Henneha's] own conduct."  In a single point on appeal, Henneha

argues the motion court clearly erred in finding the 29.15 motion untimely filed because

"Henneha proved at an evidentiary hearing that circumstances beyond his control, including the

Covid-19 pandemic, justified the late receipt of the motion."  Because the motion court did not

---

[1] Unless otherwise noted, all rule references are to Missouri Court Rules (2019).

clearly err in finding Henneha proved no recognized exception to the Rule 29.15 timeliness requirement, we affirm the motion court's denial of Rule 29.15 relief.

**Factual Background and Procedural History**

The trial court convicted Henneha of one count of first-degree murder after a jury found him guilty. The trial court sentenced Henneha to life imprisonment without the possibility of parole as a prior and persistent offender. Henneha appealed, and this Court affirmed his conviction in a *per curiam* Rule 30.25(b) order and statement and issued the mandate on March 13, 2020.[2]

Henneha filed the 29.15 motion on June 29, 2020, eighteen days past the June 11, 2020 deadline.[3] The Forma Pauperis Affidavit filed with the 29.15 motion bears Henneha's notarized signature dated June 22, 2020. Henneha acknowledged the lateness of the 29.15 motion in simultaneously filing a motion requesting an equitable exception to the limitations period for filing the 29.15 motion. The envelope containing both motions bears a postmark date of June 25, 2020. On August 5, 2020, the trial court appointed counsel ("PCR counsel"). On October 29, 2020, PCR counsel timely filed the amended 29.15 motion.

On April 1, 2022, the motion court held an evidentiary hearing. Henneha acknowledged the 29.15 motion was not timely filed and attributed the untimely filing to difficulties he had procuring the required paperwork and notary signature[4] due to the COVID-19 pandemic. He testified the prison where he was housed was in lockdown until May 4, 2020. He further

---

[2] *State v. Henneha*, No. SD35924, slip. op. (Mo.App. Feb. 26, 2020).

[3] Because Henneha appealed his conviction, Henneha was required by Rule 29.15(b) to file the 29.15 motion "within 90 days after the date the mandate of the appellate court issues affirming such judgment or sentence." Thus, the 29.15 motion was due on or before June 11, 2020.

[4] The 29.15 motion did not require or bear a notary signature, so Henneha's argument that his difficulty in obtaining a notary signature precluded his timely filing of the 29.15 motion lacks merit. The Forma Pauperis Affidavit did require a notary signature.

testified that, on May 5, the day after the prison reopened, he was sent to solitary confinement for a conduct violation and was in solitary confinement from May 5 through August 27 or 28, which he testified also made it difficult to obtain paperwork and a notary signature. Henneha presented no evidence he had completed the 29.15 motion by June 11, 2020. On April 4, 2022, the motion court denied post-conviction relief, finding the 29.15 motion untimely filed by result of Henneha's own conduct:

> [Henneha] conceded that [the 29.15 motion] was filed late and asked the [motion] court to grant an exception to the time limit. [Henneha] initially claimed that the late filing was a result of staff shortage and a "shut-down" at the prison during the pandemic. [Henneha], however, acknowledged that he was aware of and had access to procedures to obtain and file legal forms during this period. [Henneha] then acknowledged that the prison re-opened on May 4, 2020 but that the following day, he received a violation for possession and was placed into solitary confinement as a resulting disciplinary action. Furthermore, under direct and cross examination, [Henneha] admitted that there were also procedures to obtain and file legal paperwork during his time in solitary confinement. The [motion court] did not find the testimony of [Henneha] to be credible.

The motion court also determined Henneha had admitted he failed "to do all he reasonably could have done to ensure timely filing[,]" and that he had not done all he could because he had access to the library and could request forms and assistance by simple paper request, and that this access was available during the prison lockdown and while Henneha was in solitary confinement. The motion court also concluded Henneha's "failure to file prior to the deadline cannot be solely blamed on some active interference by a third party beyond his control." The motion court further found:

> Specifically, this Court finds that that the pandemic, while extraordinary, was not the cause of the late filing. While the pandemic was beyond [Henneha's] control, he admits that procedural safeguards were in place before, during, and after to obtain forms and get them filed. He just simply did not take advantage of these in a timely fashion. In addition, [Henneha's] solitary confinement was presumably the result of his own prohibited actions (i.e. within his control). Regardless, procedures continued to be available to him during this disciplinary confinement.

3

Henneha timely appealed.

## Standard of Review

"Appellate review of the [motion] court's ruling is limited to determining whether the [motion] court's findings and conclusions are clearly erroneous[.]" *McLemore v. State*, 635 S.W.3d 554, 559 (Mo. banc 2021) (citing Rule 29.15(k)). "Findings and conclusions are clearly erroneous only when 'this Court is left with a definite and firm impression that a mistake has been made.'" *McFadden v. State*, 619 S.W.3d 434, 445 (Mo. banc 2020) (quoting *Mallow v. State*, 439 S.W.3d 764, 768 (Mo. banc 2014)). "This Court presumes that the motion court's findings are correct." *Barton v. State*, 432 S.W.3d 741, 748 (Mo. banc 2014) (citing *Baumruk v. State*, 364 S.W.3d 518, 525 (Mo. banc 2012)). "This Court defers to the motion court's superior opportunity to judge the credibility of witnesses." *Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019) (quoting *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016)) (internal quotation omitted).

## Analysis

"Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." Rule 29.15(a). Rule 29.15(b) provides: "If an appeal of the judgment or sentence sought to be vacated, set aside or corrected is taken, the motion shall be filed within 90 days after the date the mandate of the appellate court issues affirming such judgment or sentence." "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." *Id.* "The deadline and 'complete waiver' provisions of Rule 29.15(b) are mandatory and constitutional." *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014) (citing *Smith v. State*, 887

S.W.2d 601, 602 (Mo. banc 1994)).  "Our courts are obligated to enforce the mandatory time limits associated with post-conviction relief[.]"  ***Robinson v. State***, 640 S.W.3d 487, 489 (Mo.App. 2022) (quoting ***Miller v. State***, 386 S.W.3d 225, 227 (Mo.App. 2012)).  "Because the failure to file a timely motion for post-conviction relief results in a complete waiver, the movant must demonstrate that his or her initial *pro se* motion for post-conviction relief is timely filed."  ***Stewart v. State***, 640 S.W.3d 820, 823 (Mo.App. 2022) (citing ***Vogl v. State***, 437 S.W.3d 218, 226-27 (Mo. banc 2014)).

Henneha concedes the 29.15 motion was untimely filed.  The only issue is whether the motion court clearly erred in finding that Henneha failed to meet his burden of proving his late filing was justified under a recognized exception.  Henneha claims "circumstances beyond his control, including the Covid-19 pandemic, justified the late receipt of the motion."  In ***Price***, the Supreme Court of Missouri held:

> [W]hen an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed under Rule 29.15(b), any tardiness that results solely from the active interference of a third party beyond the inmate's control may be excused and the waivers imposed by Rule 29.15(b) not enforced.

422 S.W.3d at 301.[5]

In this case, the motion court did not clearly err in concluding Henneha did not satisfy either prong of ***Price***; namely, that Henneha failed to prove that he did all he reasonably could to ensure a timely filing and that any tardiness resulted solely from the active interference of a third party beyond Henneha's control.  Henneha points us to nothing in the record showing he had actually prepared the 29.15 motion by the June 11 deadline or that he did all he reasonably could do to ensure it was timely filed.  Nor does he point to anything in the record showing the delay in the filing was caused *solely* by the COVID-19 restrictions in place at the prison or other "active

---

[5] There are other recognized exceptions to the Rule 29.15 timeliness requirement, but none are at issue in this case.

interference of a third party beyond [his] control." *Id.*  *See also **McCartney v. State***, 655 S.W.3d 380, 384 (Mo.App. 2022) (affirming dismissal of *pro se* Rule 24.035 motion as untimely where movant did not satisfy ***Price*** and did not show the delay was caused *solely* by COVID-19 restrictions at prison).  In fact, Henneha acknowledged that the prison reopened from lockdown on May 4, and that he was sent to solitary confinement on May 5 and stayed there until late August, meaning he could have filed (and did file) the 29.15 motion from solitary confinement.  Henneha testified he had access to the required paperwork and a notary but that everything took longer and was more difficult.  The motion court did not clearly err in finding this testimony did not satisfy the exception set out in ***Price***.  The motion court did not clearly err in dismissing Henneha's Rule 29.15 motion as untimely filed by result of Henneha's own conduct.

## Conclusion

The motion court's denial of Rule 29.15 relief is affirmed.


GINGER K. GOOCH, J. - OPINION AUTHOR

MARY W. SHEFFIELD, J. - CONCURS

JENNIFER R. GROWCOCK, J. - CONCURS

6