

# Missouri Court of Appeals
## Southern District

### In Division

JORDAN MARTIN,          )
                                )

          Appellant,     )

                                )     No. SD 37544

     v.                  )

                                )     **Filed:  January 5, 2024**

STATE OF MISSOURI,     )

                                )

          Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Judge

## REVERSED AND REMANDED WITH INSTRUCTIONS

A jury found Jordan Martin guilty of first-degree murder; we affirmed on appeal. ***State v. Martin***, 466 S.W.3d 565 (Mo.App. 2015).  We issued our mandate on April 8, 2015.  Martin had 90 days after that date to file a Rule 29.15[1] motion for postconviction relief.  Rule 29.15(b) (2015).

Martin filed a *pro se* Rule 29.15 motion on October 1, 2021, more than six years out of time.  Martin included with his *pro se* motion a letter in which he explained that on June 2, 2015, he placed his completed *pro se* motion for postconviction relief and

---

[1] Unless otherwise noted, rule references are to Missouri Court Rules (2021).

notarized affidavit to proceed *in forma pauperis* in his cell door for mailing.[2]  Martin explained that on that date he was confined in administrative segregation at Crossroads Correctional Center.  He stated, "[t]he only way for an inmate to mail something in [administrative segregation] is to place mail through the side of the door.  An [sic] CO will take it out to put it in the mail."  Martin alleged that he placed the sealed envelope, stamped with appropriate postage, in his door on June 2, "leaving plenty of time for it to make it to the courts and be deemed filed on time."  He further stated:

> I know it was removed from my door and after that I cannot say what happened.  It is however obvious since I have never received counsel or been notified in any way of the courts receiving my 29.15 that for one reason or another it never made it.  Accompanied by the fact that my letters inquiring about it were never acknowledged or responded to either.

On November 3, 2021, Martin's retained post-conviction counsel entered her appearance in the case.  Two days later, on November 5, 2021, Martin's counsel filed a motion for extension of time to file an amended 29.15 motion.  Rule 29.15(e).  On November 10, 2021, the State moved to dismiss the motion without a hearing, arguing Martin's *pro se* motion was untimely filed.  On December 15, 2021, without ruling on Martin's motion for extension of time to file an amended motion and within the time period Martin's counsel would have been allowed under Rule 29.15(g) to file an amended motion if his *pro se* motion was deemed timely filed,[3] the motion court granted the State's motion to dismiss in the following docket entry:

---

[2] June 2, 2015, was 55 days after we issued the mandate in his direct appeal, and well within the 90-day period for filing of the *pro se* motion.

[3] Rule 29.15(g) directs counsel to file an amended motion for postconviction relief within 60 days after the entry of appearance of counsel on behalf of movant.  Counsel entered her appearance on November 3, 2021.  Sixty days from that date would have been Sunday, January 2, 2022.  By operation of Rule 44.01(a), if Martin's *pro se* motion is deemed timely filed, the amended motion would have been due on Monday, January 3, 2022.

**Dismiss by Ct w/ Prejudice**
Court reviews State's Motion to Dismiss without an Evidentiary Hearing
and grants same.  Case dismissed.  [initials of judge and clerk]

This entry was the only explanation of the motion court's findings.  The motion court did not issue findings of facts and conclusions of law in support of the dismissal as required in Rule 29.15(j).

On January 11, 2022, Martin's counsel filed a motion for reconsideration of the order of dismissal, raising two claims of error:  (1) the docket entry was insufficient in that it contained no findings of fact and conclusions of law as required by Rule 29.15(j), and (2) Martin's letter to the court, which accompanied his motion, "alleged facts showing that he attempted to timely file his original motion, but was prevented from doing so by the actions of third parties over whom he had no control."  A formal affidavit in which Martin averred facts to explain how he attempted to file his *pro se* motion in time under the rules was attached as an exhibit to Martin's motion for reconsideration.  The motion for reconsideration was overruled by operation of Rule 78.06.  This appeal followed.  Martin raises two points on appeal:  (1) the motion court clearly erred in failing to issue findings of fact and conclusions of law as required under Rule 29.15(j) and in dismissing the case in a docket entry; and (2) the motion court clearly erred in failing to conduct a hearing on the allegations of timely filing submitted in Martin's letter submitted with his *pro se* motion to determine whether the motion was timely.

## Legal Principles

"Under Rule 29.15(a), a person convicted of a felony following trial may claim that the conviction violates the constitution or laws of Missouri by seeking post-conviction relief in the sentencing court."  ***Dorris v. State***, 360 S.W.3d 260, 265 (Mo. banc 2012)

3

(footnote omitted). In a motion filed pursuant to the rule, a movant "must allege facts showing a basis for relief to entitle the movant to an evidentiary hearing. The movant also must allege facts establishing that the motion is timely filed." *Id.* at 267 (internal citation omitted). If a movant files his request for postconviction relief outside of the designated period, all of his claims are completely waived, meaning they are procedurally barred from consideration. *Id.* at 267-68. Courts must enforce the mandatory time limits set forth in the rule; they cannot be waived by the State. *Id.* at 268.

Movants whose initial *pro se* motions for postconviction relief appear to be filed out of time are granted the opportunity, however, to plead facts that demonstrate timely filing. The Supreme Court of Missouri has held that a movant may so demonstrate in one of three ways:

> (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) *alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits*; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Id.* at 267 (second italics ours).

One exception recognized under option (2) is for third-party interference. "Specifically, when an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed under Rule 29.15(b), any tardiness that results solely from the active interference of a third party beyond the inmate's control may be excused and the waivers imposed by Rule 29.15(b) not enforced." *Price v. State*, 422 S.W.3d 292, 301 (Mo. banc 2014). This exception "arises out of the practical reality that an inmate cannot comply with Rule 29.15 without relying on a third party to some extent." *Id.* at 302.

> Accordingly, where an inmate writes his initial post-conviction motion and takes every step he reasonably can within the limitations of his confinement

4

to see that the motion is filed on time, a motion court may excuse the inmate's tardiness when the active interference of a third party beyond the inmate's control frustrates those efforts and renders the inmate's motion untimely.

*Id.*

Missouri Criminal Procedure Form No. 40

Persons seeking relief pursuant to Rule 29.15 are to file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40 ("Form 40"). Rule 29.15(b). "The reason for requiring compliance with Form 40 when seeking relief under 29.15 is 'to provide not only the state but also the trial court, and the appellate court on review, with an orderly and concise statement of the grounds on which movant bases his request for post-conviction relief.'" ***State v. Owsley***, 959 S.W.2d 789, 797 (Mo. banc 1997) (quoting ***State v. Katura***, 837 S.W.2d 547, 553 (Mo.App. 1992)).

Despite the courts' requirement in ***Dorris*** that a motion for postconviction relief "must allege facts establishing that the motion is timely filed," 360 S.W.3d at 267, Form 40 does not contain a section in which an inmate is directed to explain facts that would support a timely filing when, on its face, the motion appears untimely filed. Nor is there any mention of that requirement in the five paragraphs of instructions at the top of the form. Notably, Form 40 does direct, "[i]f necessary, movant may furnish an answer to a particular question on the reverse side of the page *or an additional blank page*." Missouri Criminal Procedure Form No. 40 (emphasis ours). Moreover, we are directed by the Supreme Court of the United States to construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); *see also **Duvall v. Lawrence***, 86 S.W.3d 74, 80 (Mo.App. 2002); ***Kennedy v. Missouri***

5

***Atty. Gen.***, 922 S.W.2d 68, 70 (Mo.App. 1996).

## Discussion

The precise question before us is whether Martin's letter (containing facts that if proven by a preponderance of the evidence would excuse the untimely filing of his *pro se* postconviction motion) submitted simultaneously and in the same envelope with his *pro se* motion should be considered part of the motion and therefore sufficient to meet his burden to allege timely filing.

Two cases are particularly relevant to our inquiry. In ***Dorris***, the Supreme Court of Missouri consolidated the cases of three movants who sought post-conviction relief. ***Dorris***, 360 S.W.3d at 263. Each of the movants had filed a motion for postconviction relief that was, on its face, untimely. ***Id.*** at 263-64. Of the three movants' cases discussed in ***Dorris***, only one, Movant Hill, included in his *pro se* motion for postconviction relief facts demonstrating he did everything he could to ensure his motion was timely filed. ***Id.*** at 264. He alleged that his girlfriend took his timely motion and delivered it to the courthouse within the time for filing. ***Id.*** He claimed, however, that the court lost the motion and it was not stamped as filed until almost two years after the deadline. ***Id.*** The State raised the timeliness issue in its response to the motion. ***Id.*** The trial court set a hearing, but before it was held the State withdrew its timeliness objection. ***Id.*** The motion court held a hearing and denied Hill's claims on the merits. ***Id.*** On appeal, the appellate court found that Hill had waived his right to proceed on his claims because the motion was filed out of time. ***Id.*** at 264-65.

The Supreme Court of Missouri took up Hill's case and those of the other two similarly situated movants to clarify among a split in holdings of the Missouri Court of Appeals regarding whether the state could waive the timeliness requirement for an initial

6

*pro se* 29.15 motion. The high court held that the State's waiver of the issue should not dictate whether timeliness is considered by the motion court. "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the State does not raise the issue." ***Id.*** at 268. Thus, "[t]he State cannot waive movant's noncompliance with the time limits in Rules 29.15 and 24.035." ***Id.***

Of the three movants addressed in ***Dorris***, Hill was the only one who alleged facts to explain the tardiness of his motion, and those facts were not heard or adjudicated by the motion court. Accordingly, the Supreme Court of Missouri remanded the case to the motion court for a determination whether the motion was timely filed. ***Id.*** at 270.

In ***Miller v. State***, 386 S.W.3d 225 (Mo.App. 2012), the movant filed a facially late motion for postconviction relief. Miller argued, however, "in a letter submitted with his [motion for postconviction relief] that his delinquent filing should be excused as it was a result of prison mailroom errors beyond his control." ***Miller***, 386 S.W.3d at 227. Citing ***Dorris***, the appellate court held that the letter accompanying the motion satisfied Miller's burden "to allege facts showing that he timely filed his motion." ***Miller***, 386 S.W.3d at 227 (quoting ***Dorris***, 360 S.W.3d at 267). The court found that if Miller could prove those facts by a preponderance of the evidence (as stated in ***Dorris***), then his late filing might fall within an exception to the time limits. ***Miller***, 386 S.W.3d at 228. The Court of Appeals determined that the motion court "had no authority to entertain the merits" of Miller's amended motion "in the absence of a determination that the original *pro se* . . . motion was timely filed." ***Id.*** The court thus remanded the case to the motion court to determine whether Miller's original *pro se* motion was timely filed. ***Id.***

7

Although we receive guidance from ***Dorris***, it is not dispositive. ***Dorris*** states that a movant in Martin's situation "must allege facts showing he timely filed his motion . . . by . . . alleging and proving by a preponderance of the evidence *in his motion* that he falls within a recognized exception to the time limits[.]" ***Dorris***, 360 S.W.3d at 267 (emphasis ours). But this is not the primary holding of ***Dorris***. The holding of ***Dorris*** is that the State's waiver of a timeliness issue in a postconviction relief case is not controlling because it is a court's duty to enforce mandatory time limits regardless of the State's position on the question. ***Id.*** at 267-68. As far as this holding applies to the facts here, ***Dorris*** supports remand to the motion court for review and determination of the timeliness of Martin's *pro se* motion filed in 2021.

Notably, ***Dorris*** is silent as to whether a letter submitted with a *pro se* pleading should be considered part of that pleading. ***Miller***, however, speaks directly to the issue. The ***Miller*** court held that a letter submitted with a *pro se* postconviction motion satisfied a movant's burden "to allege facts showing that he timely filed his motion." ***Miller***, 386 S.W.3d at 227 (quoting ***Dorris***, 360 S.W.3d at 267). The State argues that ***Miller*** is in conflict with ***Dorris***, and we therefore are required to follow ***Dorris***, not ***Miller***. In our view, ***Miller*** is compatible with and does not contradict ***Dorris***.

The ***Miller*** court's unambiguous consideration of a similar letter weighs heavily in favor of our acceptance of Martin's letter as sufficient to meet his burden to prove timeliness, but other considerations also tip the scales in favor of Martin. As noted above, Form 40 does not include a space for facts alleging timely filing. Yet Form 40 does instruct a *pro se* movant to include additional information "on an additional blank page." Finally, we are directed by the Supreme Court of the United States to construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys. ***Haines***, 404 U.S.

8

at 520; *see also **Duvall***, 86 S.W.3d at 80; ***Kennedy***, 922 S.W.2d at 70. These factors lead us to conclude that Martin's *pro se* motion reasonably comprises the letter he submitted in the same envelope as the pleading, as was the case in ***Miller***. Martin reasonably relied on the instructions in Form 40 directing him to present additional information or explanation on separate blank pages. Based on those instructions, Martin's use of a separate blank page to detail the timeliness of his original *pro se* motion is reasonable. As raised at oral argument, fashioning a different rule would verge on the absurd, *e.g.*, if Martin had fastened his letter to his *pro se* motion with a staple or paper clip, the court would consider the facts stated in the letter as part of the filing, but a letter accompanying and filed in the same envelope with his motion but not fastened by a staple or paper clip is not entitled to the same consideration.

Furthermore, it is clear from the record that if Martin's counsel had been allowed to file an amended motion, it would have included facts that, if proven, would demonstrate Martin's untimeliness falls under a recognized exception. In Martin's motion for reconsideration of dismissal, his counsel included the procedural facts alleged by Martin in the letter submitted simultaneously with his pro se motion. That motion also included Martin's signed and notarized affidavit alleging those facts.

### Assignment of Error

Under ***Dorris*** and ***Miller*** it was error for the motion court to fail to consider Martin's letter as a sufficient pleading of timeliness. The error was compounded when Martin was given no opportunity to prove that his *pro se* motion was timely. The motion court should have heard evidence on the timeliness of Martin's *pro se* filing.

The motion court erred in failing to hold a hearing on the timeliness of the *pro se* motion and failing to submit findings of fact and conclusions of law on the timeliness

9

question. *See **McCartney v. State***, 622 S.W.3d 729, 732 (Mo.App. 2021). The fact that no such review occurred and no findings of fact or conclusions of law were issued leaves "no basis for meaningful appellate review." ***Morse v. State***, 620 S.W.3d 117, 119 (Mo.App. 2021).

Thus, we remand the case to the motion court. On remand, the motion court shall determine whether Martin's *pro se* motion was timely filed and proceed accordingly, issuing findings of fact and conclusions of law if and when required under Rule 29.15. *See* ***Dorris***, 360 S.W.3d at 270.


JACK A. L. GOODMAN, C.J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS