**David DAY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18571.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 4, 1993.

Lew Kollias, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Movant appeals from the denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing. This Court affirms.

Movant was charged in the underlying criminal case with the offenses of sodomy, § 566.060,[1] and sexual abuse in the first degree, § 566.100. The alleged victim was Movant's adopted daughter. On January 14, 1992, Movant entered a plea of guilty to both offenses. He was sentenced on February 25, 1992, to respective terms of twenty years and five years imprisonment, to be served concurrently.

On May 28, 1992, Movant filed his pro se Rule 24.035 motion. Therein, he alleged the date on which he was delivered to the department of corrections was February 27, 1992.

The State filed a motion to dismiss, and the motion court dismissed Movant's Rule 24.035 motion on November 12, 1992, because it was not timely filed. Findings of fact and conclusions of law were entered as required by Rule 24.035(i). The motion court found that Movant was delivered to the department of corrections on February 27, 1992, and that his motion was filed one day late, on May 28,

1. Statutory references are to RSMo Supp.1992 unless otherwise indicated.

1992. The motion court further found 1) that the certificate of service on the motion, which was dated May 26, 1992, was personally signed by Movant; 2) that a two-day delivery is reasonable for mail from Moberly, Missouri (Movant's place of incarceration), to Butler County, Missouri; and 3) that it was unreasonable for Movant to assume otherwise.

In Movant's single point, he attacks the dismissal of his motion by asserting that the time limits in Rule 24.035 operate to deny him due process of law, especially when he mailed his motion one day before the filing deadline.

■ Our review is limited to making a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j); *Edmonds v. State*, 819 S.W.2d 90, 91 (Mo.App.1991). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves this Court with a definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ Rule 24.035(b) provides that a motion under this rule "shall be filed within ninety days after the movant is delivered to the custody of the department of corrections." The time limitation in this rule is valid, mandatory, reasonable, and serves the legitimate end of avoiding delay in the processing of prisoners' claims. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Failure to file a timely motion procedurally bars a movant from seeking relief under the rule. *Thomas v. State*, 808 S.W.2d 364, 365 (Mo. banc 1991). Furthermore, the time limitation in Rule 24.035(b) does not violate a movant's right to due process. *Johnson v. State*, 818 S.W.2d 656, 657 (Mo. App.1991).

■ Movant disputes neither the date of his delivery to prison nor the date his motion was filed. Certainly, the motion court committed no error in finding that the motion was filed late.

In spite of the untimely filing, Movant suggests we should adopt the "mailbox rule" (filing date determined from date inmate delivers papers to prison authorities—not filing date with clerk) as announced in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). However, Movant does acknowledge that *Houston* deals only with rules of federal procedure.

Missouri appellate courts have consistently rejected arguments for a "mailbox rule" similar to that available under the federal rules. A motion for postconviction relief is deemed filed when it is lodged in the circuit clerk's office, not when it is mailed. *Courtney v. State*, 809 S.W.2d 63 (Mo.App.1991). *See also Griffin v. State*, 787 S.W.2d 901, 902 (Mo.App.1990); *O'Rourke v. State*, 782 S.W.2d 808, 809 (Mo.App.1990); *Cowans v. State*, 778 S.W.2d 758, 762 (Mo.App.1989).

Movant's point has no merit. The judgment is affirmed.

PARRISH, C.J., and SHRUM, J., concur.

