**STATE of Missouri, Respondent,**

v.

**Jocko COLLIER, Appellant.**

**Jocko COLLIER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 50304, WD 51300.**

Missouri Court of Appeals,
Western District.

March 26, 1996.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and BERREY and LAURA DENVIR STITH, JJ.

BERREY, Judge.

Jocko Collier appeals from jury verdicts finding him guilty of one count of second degree felony murder in violation of § 565.021.1, RSMo 1986, and one count of armed criminal action in violation of § 571.015, RSMo 1986. Collier raises two points on appeal. He first argues that the trial court plainly erred in failing to declare a mistrial *sua sponte* during the rebuttal portion of the State's closing argument because the prosecutor's remarks raised for the first time the issue of punishment. Secondly, Collier argues that the motion court clearly erred in denying his Rule 29.15 motion for postconviction relief as untimely filed. Pursuant to Rule 29.15(*l*), 1995, the cases are consolidated. Affirmed.

The evidence most favorable to the verdicts is as follows. On December 30, 1993, the victim, Pamela Martin, traveled to the house in which Collier's relatives lived, intending to sell a camcorder to Collier's cousin. According to a statement given to police, Collier reported that he and Stanley Jackson planned to steal the camcorder from Martin as she approached the house. Before Martin arrived, Collier and Jackson walked out the back door of the house. Jackson pulled out a revolver, but did not know how to cock the gun, so Collier cocked it and handed it back to Jackson. There was conflicting testimony as to whether Collier knew the gun was loaded at this point.

As Martin neared the steps to the porch, Collier, who was now standing to the side of the porch, saw Jackson point the gun at the victim and say 'Give me that camcorder.' Collier then moved to the rear of the house and heard a gun shot. Martin suffered a fatal wound to her head. After being called to the scene, police discovered a .38 special handgun, two rounds of live ammunition and a camcorder, which was later identified to be the camcorder in Martin's possession prior to the shooting.

Collier was sentenced by the court to ten years imprisonment on the second degree felony murder verdict and five years on the armed criminal action verdict. The trial court ordered the sentences to run concurrently. Collier appealed and the transcript was filed with this Court on March 23, 1995. Collier filed a *pro se* Rule 29.15 motion for postconviction relief on April 27, 1995, three days after the filing deadline. The motion court dismissed the motion as untimely filed on May 15, 1995.

Collier first argues the trial court plainly erred and abused its discretion in failing to declare a mistrial *sua sponte* when the prosecutor raised the issue of punishment during the State's rebuttal arguments. Collier claims the prosecutor's remarks placed Collier at an unfair disadvantage because he was unable to respond and, thereby, violated his rights to due process and a fair trial.

In the opening portion of the State's closing argument, the prosecutor made a somewhat vague reference to punishment. More importantly, during the rebuttal portion of argument, he did not argue for a particular sentence, but rather recited the range of possible sentences applicable to the charges against Collier. The prosecutor clearly indicated that selecting a specific sentence was an issue for the jury. In *State v. Hale,* 371 S.W.2d 249, 256 (Mo. banc 1963), the prosecutor similarly made an "oblique or implied reference" to punishment by commenting on the seriousness of the crime involved during the State's opening argument. During rebuttal argument, the prosecutor directly commented on punishment, but the Supreme Court determined that the defendant was not prejudiced because the prosecutor did not argue for a specific punishment. *Id.; See also State v. Maxie,* 513 S.W.2d 338, 345 (Mo.1974), *cert. denied,* 420 U.S. 930, 95 S.Ct. 1132, 43 L.Ed.2d 402 (1975) (defendant not prejudiced where prosecutor did not argue for particular sentence, merely enumerated the range of punishment and stated that punishment was up to jury); *State v. Burton,* 721 S.W.2d 58, 64–65 (Mo.App.1986) (defendant not prejudiced where prosecutor did not argue for specific punishment). As no objection was made at trial to the prosecutor's argument, Collier admits that this point was not preserved for appeal. Discerning no manifest injustice or miscarriage of justice,

we decline to review for plain error. Rule 30.20. Point denied.

Under Collier's second point, he argues the motion court clearly erred in dismissing his *pro se* Rule 29.15 motion for postconviction relief as untimely filed.

■ In reviewing the action below on a motion for postconviction relief, we are limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. 29.15(j); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Such findings and conclusions will be found clearly erroneous only if the reviewing court is left with a definite and firm impression that a mistake has been made. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987), *cert. denied,* 493 U.S. 898, 110 S.Ct. 252, 107 L.Ed.2d 201 (1989).

■ Rule 29.15(b) provides that "[i]f an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal...." As previously noted, the transcript was filed on March 23, 1995. Collier claims he was unable to obtain a notary until April 21, 1995 and the prison mail was not collected until April 24, which also happened to be the filing deadline for his motion. As a result, the motion was not received by the circuit court until April 27. Collier concedes his motion was late, but argues he did all he could do to comply and should not be penalized for his lack of control over the mail. He requests that we apply the "mailbox rule" to the filing of motions for postconviction relief. We decline to do so. "A post-conviction motion is considered filed when deposited with the circuit court clerk," *Lewis v. State,* 845 S.W.2d 137, 138 (Mo.App.1993) (citation omitted), not when the motion is mailed. *Day v. State,* 864 S.W.2d 24, 25 (Mo.App.1993); *see also Courtney v. State,* 809 S.W.2d 63 (Mo.App.1991); *Cowans v. State,* 778 S.W.2d 758, 761 (Mo. App.1989).

Based on the foregoing discussion, the motion court was not clearly erroneous in dismissing Collier's *pro se* Rule 29.15 motion. Point denied.

Affirmed.