**Timothy PURDUE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 23084.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 18, 2000.

Motion for Rehearing or Transfer Denied March 10, 2000.

Application for Transfer Denied April 25, 2000.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Timothy Purdue ("Movant") appeals from the dismissal of his *pro se* Rule 29.15 motion for post-conviction relief. The motion court found the motion was filed out of time. This Court affirms.

Movant was convicted of assault in the first degree; § 565.050, RSMo 1994; and armed criminal action, § 571.015, RSMo 1994. This court affirmed the judgment of conviction and sentence of two consecutive terms of life imprisonment. *See State v. Purdue*, 980 S.W.2d 600 (Mo. App.1998). Our mandate issued on December 24, 1998. Movant filed a Rule 29.15 motion for post-conviction relief,

which was file stamped by the Greene County Circuit Court Clerk on March 26, 1999, 92 days from the date the mandate from the direct appeal was issued.

■ "Appellate review of the denial of a post-conviction motion is limited to the determination of whether the findings of fact and conclusions of law are clearly erroneous." *Goodson v. State*, 978 S.W.2d 363, 364 (Mo.App.1998). "Such findings and conclusions will be found clearly erroneous only if the reviewing court is left with a definite and firm impression that a mistake has been made." *State v. Collier*, 918 S.W.2d 354, 356 (Mo.App.1996). Rule 29.15(b) provides that "[i]f an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within ninety days after the date the mandate of the appellate court issued." Rule 29.15(b), Missouri Court Rules (1998).[1]

Movant concedes that his 29.15 motion was filed by the clerk after the ninety day period had expired, but argues that the evidence supports his claim that he mailed his motion inside the ninety day period and that after that point he was forced to rely on the actions of state employees to secure the filing of his motion. He asseverates that "the absolute deadline imposed by Rule 29.15(b) operated to deny [him] of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution. . . ."

Movant concedes that the Missouri Supreme Court has rejected constitutional challenges to the time limits imposed by Rule 29.15. *See Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). However, on appeal Movant posits motion court error in failing to apply a "mailbox" rule to the filing of Movant's 29.15 motion.[2] Movant complains that his Rule 29.15 motion was notarized on March 19, 1999, and contained a certificate signed by Movant indicating that a copy of the motion had been mailed to the prosecuting attorney on that same date. Movant also points out that two affidavits supporting the motion were notarized on the same date; "[a] request for an evidentiary hearing was also notarized on that date, and [Movant] certified mailing a copy to the prosecutor that same date;" and Movant filed a document entitled "Amended Notice of Supplemental suggestions and Merits Statements, Facts, Preponderances of Evidence, and Specific Claims XII in Support of the 29.15(i) Motion" which also contained a certificate signed by Movant indicating that a copy of the motion had been mailed to the prosecuting attorney on March 23, 1999. That document was likewise file stamped by the Greene County Circuit Court Clerk on March 26, 1999. Movant argues that such facts support a finding that Movant placed the 29.15 motion into the mail prior to the expiration of the 90 day period; that forces beyond his control caused the late filing of his motion; and that "[t]he absolute time limits imposed by Rule 29.15 denied [Movant's] right to due process of law by arbitrarily denying him access to postconviction relief."

■ "A post-conviction motion is considered filed when deposited with the circuit court clerk, . . . not when the motion is mailed." *Collier*, 918 S.W.2d at 356(citation omitted). We are compelled by controlling authority to agree. Missouri appellate courts have consistently rejected arguments that a "mailbox rule" should be applied to motions for post-conviction re-

---

1. All rule references are to Missouri Court Rules (1998).

2. We note the record reflects that Movant filed a "Motion to Consider Pro Se Motion to Vacate Timely Filed," with the motion court on April 19, 1999, urging adoption of a "mailbox rule" in that "Movant [had] no control over the delivery of the mail or the expediency in which the mail [was] processed through the mailroom of Jefferson City Correctional Center."

lief. *See Id.*; *Goodson*, 978 S.W.2d at 365; *Day v. State*, 864 S.W.2d 24, 25 (Mo.App.1993)(concerning rule 24.035); *O'Rourke v. State*, 782 S.W.2d 808, 809–10 (Mo.App.1990)(concerning rule 24.035). Based on the foregoing discussion, the motion court did not clearly err in dismissing Movant's *pro se* Rule 29.15 Motion. *See Collier*, 918 S.W.2d at 356. Point Denied.

Affirmed.

MONTGOMERY, P.J., and PREWITT, J., concur.