**Josh McCALLUM, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 26500.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 17, 2005.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shawn L. Naccarato, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Presiding Judge.

Josh McCallum (movant) was convicted, following a trial before the court without a jury, of two counts of burglary in the first degree. § 569.160, RSMo 1994. *See State v. McCallum,* 72 S.W.3d 287 (Mo.App. 2002). Movant filed a motion for post-conviction relief following his incarceration as permitted by Rule 29.15. That motion was denied after an evidentiary hearing. Movant appeals. This court affirms.

*State v. McCallum, supra,* recites the facts adduced at the trial of movant's underlying criminal case. Those facts are not repeated here other than as may be necessary to address the two points movant asserts in this appeal. Movant contends he received ineffective assistance of

counsel in his criminal case. His claims of ineffective assistance of counsel relate to testimony given by Jeremy Dry and Bobby Tygart.

To prevail on an ineffective assistance of counsel claim, a movant must show by a preponderance of the evidence (1) that trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that as a result, his or her defense was prejudiced. *State v. Hall,* 982 S.W.2d 675, 680 (Mo.banc 1998), *cert. denied,* 526 U.S. 1151, ... (1999).

*Nunley v. State,* 56 S.W.3d 468, 469–70 (Mo.App.2001).

■ Point I contends the motion court erred in denying movant's Rule 29.15 motion and in finding movant's trial attorney was not ineffective because he failed to object to the grant of immunity to Jeremy Dry. Movant bases the claim of error in Point I on the part of § 491.205.2, RSMo Supp.1999, that provides that the judge who hears an application for witness immunity "may not hear the subsequent criminal trial ... for which the immunity applies."

Movant's trial counsel testified at the evidentiary hearing in this case. He was asked what occurred during trial that resulted in waiving trial by jury. He answered that the waiver was precipitated by the threat that Jeremy Dye would testify as a witness for the state. Movant's trial attorney was asked how these concerns related to waiving the jury. The attorney

explained that during a recess in the criminal trial (that had begun with a jury), the state announced it intended to request the grant of immunity to Jeremy Dry and intended to call him to testify. An agreement was reached between movant and the state that in return for movant waiving trial by jury, the state "would limit the range of punishment or cap the punishment at 12 years on both counts, running concurrent."[1] The state further agreed, in exchange for waiver of a jury trial, that no other charges would be filed in Newton County against movant.

The state called Jeremy Dry as a witness. Dry sought to invoke his Fifth Amendment right not to testify for the reason that he might incriminate himself. The state presented the trial court with an "Application for Witness Immunity."[2] Movant's trial attorney objected to the grant of immunity on grounds other than that the applicable statute provided that the judge hearing the application may not hear a subsequent criminal trial for which the immunity applied. The trial judge overruled the objection.

Movant's trial attorney testified at the Rule 29.15 hearing that he had reviewed the statute regarding witness immunity prior to the trial in movant's criminal case. He was asked the reason he "would not have objected" to the same judge granting immunity who was the judge in the trial of the case. He explained that he believed the trial judge would have granted the state whatever time was necessary to con-

---

**1.** The offenses with which movant was charged were class B felonies. The range of punishment for each offense was "a term of years not less than five years and not to exceed fifteen years." § 558.011.1(2), RSMo 1994.

**2.** The prosecuting attorney told the trial court, at the time he presented the application

to grant immunity to Dry, that because Dry had previously pleaded guilty to the two felony offenses for which movant was being tried, he did not believe Dry was entitled to claim a Fifth Amendment right not to testify. The prosecuting attorney explained, however, that he was asking the trial court to grant immunity to Dry "just to clean up any possible technical problems."

tact the circuit judge who was in McDonald County at the time of trial; that he did not believe it would make a difference in the outcome by requiring the matter to be presented to the other judge. Movant's trial attorney said he was trying to keep the judge at the trial and the prosecutor "on board with the proposal they had made."

▮ With respect to the issue raised in Point I, the motion court found that movant's trial counsel was aware of the statutory requirement, but for strategic reasons did not object. The motion court noted:

> Trial counsel knew that Judge Perigo was available to hear the request for immunity, and that immunity was likely to be granted whichever judge heard the request. Trial counsel's concern was that requiring the State to go through the trouble of putting the issue in front of Judge Perigo would hurt his chances of getting an agreement from the State to proceed without a jury in exchange for a cap on possible punishment.

The motion court found that this strategy was reasonable; that movant did not meet his burden of showing trial counsel's actions were deficient.

> "Appellate review of the denial of a post-conviction motion is limited to the determination of whether the findings of fact and conclusions of law are clearly erroneous." *Goodson v. State,* 978 S.W.2d 363, 364 (Mo.App.1998). "Such findings and conclusions will be found clearly erroneous only if the reviewing court is left with a definite and firm impression that a mistake has been made." *State v. Collier,* 918 S.W.2d 354, 356 (Mo.App.1996).

*Purdue v. State,* 14 S.W.3d 255, 256 (Mo. App.2000). *See* Rule 29.15(k).

▮ "Counsel is presumed to have been competent and the defendant must overcome the presumption that counsel's challenged acts or omissions were sound strategy. Decisions concerning whether or when to make objections at trial are left to the judgment of counsel." *State v. Suarez,* 867 S.W.2d 583, 587 (Mo.App.1993) (citations omitted). "Appellate courts will not review or reassess the judgment of trial counsel on questions of strategy, trial tactics or trial decisions." *State v. Brasher,* 867 S.W.2d 565, 570 (Mo.App.1993).

The motion court concluded that movant's trial counsel's actions were a matter of trial strategy and that the trial strategy was sound. The motion court's findings and conclusions with respect to the issue raised in Point I are not clearly erroneous. Point I is denied.

▮ Point II alleges that the motion court erred in denying movant's Rule 29.15 motion because movant was denied effective assistance of counsel in that his trial counsel failed to adequately cross-examine witness Bobby Tygart and failed to impeach his testimony.

Requirements for a point relied on are stated in Rule 84.04(d). The rule requires:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the*

*context of the case, support the claim of reversible error ]."*

Point II fails to explain in summary fashion why, *in the context of the case,* the legal reasons asserted as error support a claim of reversible error. Point II gives no hint as to the subject of prior inconsistent statements that it contends should have been addressed, nor does Point II suggest, in the context of the case, how cross-examination was deficient. Point II merely surmises that trial counsel failed "to adequately cross-examine Bobby Tygart and impeach his testimony with prior inconsistent statements."

■ "Lack of compliance with requirements of Rule 84.04 amounts to failure to preserve issues for appellate review." *State v. Eggers,* 51 S.W.3d 927, 930 (Mo. App.2001). This court may, nevertheless, in its discretion, consider plain errors affecting substantial rights, though not preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. This court has reviewed the record in this case (including a review of the transcript in movant's criminal trial that is part of this record on appeal). That review discloses no manifest injustice or miscarriage of justice.

■ The motion court found:

When first approached by investigators, Mr. Tygart denied having any knowledge of the alleged business. At a later time he told the same investigators about the statements made by movant. This court finds that Mr. Tygart's possible biases were sufficiently exposed by trial counsel as was Mr. Tygart's criminal record. Given the weight of evidence presented at trial against movant, this court cannot find that the result of the trial would have been different had Mr. Tygart been more thoroughly cross-examined or impeached. Movant has failed to meet his burden on this issue.

The motion court's determination of Point II is based on findings of fact that are not clearly erroneous. No error of law appears. Further opinion on the issue asserted in Point II would have no precedential value. The trial court's finding on the issue addressed in Point II is affirmed in compliance with Rule 84.16(b). Point II is denied. The judgment denying movant's Rule 29.15 motion is affirmed.

BATES, C.J., and BARNEY, J., concur.