**Alvin PATTERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 84996.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 14, 2005.

Michelle Murphy Rivera, St. Louis, MO, for appellant.

Deborah Daniels, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Movant Alvin Patterson ("Movant") appeals from the motion court's judgment denying his Rule 29.15 motion for post-conviction relief because it was untimely filed. Movant was convicted after a jury trial of two counts of forcible rape, Section 566.030, RSMo 2000, two counts of felonious restraint, Section 565.120, RSMo 2000, and three counts of unlawful use of a weapon, Section 572.030(4), RSMo 2000. Movant was sentenced to two ten-year terms of imprisonment for the rape counts, two five-year terms of imprisonment for the felonious restraint counts, and one three-year term and two five-year terms of imprisonment for the unlawful use of a weapon counts, all sentences to run consecutively.

This Court affirmed Movant's judgment and sentence pursuant to Rule 30.25(b) in *State v. Patterson*, 112 S.W.3d 438 (Mo. App. E.D.2003). This Court's mandate was issued on September 10, 2003. On December 11, 2003, Movant filed an untimely *pro se* motion for post-conviction relief. On April 6, 2004, Movant's attorney filed an amended motion for post-conviction relief. On June 17, 2004, Movant's attorney filed a motion to consider his amended motion on the merits despite its untimely filing. On July 9, 2004, the motion court issued its order and judgment dismissing Movant's post-conviction motion as untimely. This appeal follows.

In his only point on appeal, Movant argues the motion court clearly erred in denying his untimely post-conviction motion because he mailed his *pro se* motion on December 4, 2003, five days before the deadline, and he believed it would therefore be timely filed with the motion court. Movant also argues that a delay was caused because he was incarcerated in

Florida where Form 40 was not readily available to him.

■ We review the motion court's dismissal of a post-conviction relief motion only to determine whether the motion court's findings and conclusions are clearly erroneous. *Bollinger v. State,* 144 S.W.3d 335, 338 (Mo.App. E.D.2004).

■ Under Supreme Court Rule 29.15(b), "[i]f an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion [for post-conviction relief] shall be filed within [ninety] days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Rule 29.15(b). A post-conviction motion is deemed filed when it is deposited with the clerk of the circuit court. *Thomas v. State,* 31 S.W.3d 23, 25 (Mo.App. E.D.2000).

■ Here, this Court issued its mandate on September 10, 2003. Movant's post-conviction motion was due on December 9, 2003. Movant's *pro se* motion was filed in the circuit court on December 11, 2003, or ninety-two days after this Court issued its mandate. Therefore, Movant's motion was untimely, and the motion court had no jurisdiction to review it. *Bollinger,* 144 S.W.3d at 338.

■ Movant acknowledges that his motion was untimely filed, but argues that he mailed it timely, thus urging this Court to adapt the mailbox rule. "The appellate courts of this state have historically rejected applying the mailbox rule to the filing of post[-]conviction relief motions." *Thomas,* 31 S.W.3d at 25 (quoting *Stidham v. State,* 963 S.W.2d 351, 353 (Mo.App. W.D.1998)). The only relevant inquiry under Missouri law is when the post-conviction motion was filed with the clerk of the circuit court, not when it was mailed. *Id.* Here, Movant's motion was filed with the circuit clerk ninety-two days after this Court issued its mandate on direct appeal.

Movant's motion was clearly untimely, and the motion court properly dismissed it.

■ Movant further argues that a delay was caused by his lack of access to Form 40 in Florida, where he was incarcerated. Movant's claim that prison officials caused the delay is also unavailing. *Matchett v. State,* 119 S.W.3d 558, 559 (Mo.App. S.D. 2003). "Regardless of the reasons for untimeliness, the motion was filed more than [ninety] days after the mandate was issued, and the motion court had no jurisdiction." *Id.*

■ Because the record clearly shows that Movant's post-conviction motion was untimely, the motion court had no jurisdiction to consider Movant's post-conviction motion, and properly dismissed it. Furthermore, because the motion court lacked jurisdiction to consider Movant's motion, this Court has no jurisdiction to hear this appeal. *Bollinger,* 144 S.W.3d at 338; *Matchett,* 119 S.W.3d at 559. Accordingly, we dismiss Movant's appeal for lack of jurisdiction.

DISMISSED.

GARY M. GAERTNER, SR., P.J., and SHERRI B. SULLIVAN, J., Concur.