

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| ANTHONY C. WASHINGTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | **WD78789** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **January 17, 2017** |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Charles H. McKenzie, Judge**

**Before Division IV:** Mark D. Pfeiffer, Chief Judge, and
Thomas H. Newton and Gary D. Witt, Judges

Mr. Anthony C. Washington ("Washington") appeals from the Judgment of the Circuit Court of Jackson County, Missouri ("circuit court"), denying his Rule 29.15 amended motion for post-conviction relief after an evidentiary hearing. We vacate the judgment and remand to the circuit court with instructions to dismiss Washington's untimely Rule 29.15 motion.

## Procedural Background

After a jury trial, Washington was convicted of one count of the class C felony of stealing and one count of the class C felony of forgery. The court sentenced him as a prior and persistent offender to ten years' imprisonment on each count, with the sentences to run concurrently. His

convictions and sentences were affirmed on direct appeal in *State v. Washington*, 397 S.W.3d 458 (Mo. App. W.D. 2013). We issued our mandate on May 29, 2013. Washington's original *pro se* Rule 29.15 motion for post-conviction relief was received and stamped filed by the clerk of the circuit court on September 4, 2013. Appointed counsel thereafter filed an amended motion alleging that Washington was denied his right to effective assistance of counsel by trial counsel's failure to assert Washington's right to due process and to a speedy trial.

On January 16, 2015, an evidentiary hearing was held to consider the merits of the amended motion. The circuit court entered judgment, denying Washington's amended motion. The issue of the timeliness of Washington's *pro se* motion was not raised by the parties or addressed by the circuit court in its judgment.[1]

Washington appeals.

## Analysis

The Missouri Constitution vests the Missouri Supreme Court with the authority to establish rules relating to practice, procedure, and pleading for all courts. MO. CONST. art. V, § 5. "When properly adopted, the rules of court are binding on courts, litigants, and counsel, and it is the court's duty to enforce them." *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012) (internal quotation omitted). Accordingly, the circuit court has the duty to enforce the mandatory time limits in the post-conviction rules, even if the State does not raise the timeliness issue before the circuit court. *Id.* "The State cannot waive [a] movant's noncompliance with the time limits in Rule[ ] 29.15 . . . ." *Id.*

---

[1] On appeal, however, the issue was raised by the State in its appellate briefing to this court, *see Roberts v. State*, 407 S.W.3d 89, 92 n.1 (Mo. App. W.D. 2013), and Washington was permitted to respond to the State's timeliness argument in subsequent appellate briefing to this court, *see Ferguson v. State*, 325 S.W.3d 400, 414 (Mo. App. W.D. 2010).

Rule 29.15(b)[2] provides that if a movant appeals the judgment or sentence sought to be vacated, set aside, or corrected, the movant's *pro se* motion "shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Here, Washington appealed his convictions and sentences for stealing and forgery after a jury trial. This court handed down its mandate affirming the underlying judgment and sentence on May 29, 2013. Accordingly, Washington's Rule 29.15 motion was due on August 27, 2013. *See* Rule 29.15(b). Washington's motion was stamped filed by the clerk of the circuit court on September 4, 2013, eight days out of time.

If the movant's Rule 29.15 *pro se* motion is not timely filed, "it must be dismissed, as neither the motion court nor this Court has any authority to address the merits of [movant's] post-conviction claims." *Miller v. State*, 386 S.W.3d 225, 227 (Mo. App. W.D. 2012) (internal quotation omitted). The time limit in Rule 29.15 "serve[s] the legitimate end of avoiding delay in the processing of prisoner's claims and prevent the litigation of stale claims." *Dorris*, 360 S.W.3d at 269 (internal quotation omitted). If a post-conviction movant was not required to timely file, "finality would be undermined and scarce public resources will be expended to investigate vague and often illusory claims, followed by unwarranted courtroom hearings." *Id.* (internal quotation omitted). The "[f]ailure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in the motion filed pursuant to this Rule 29.15." *See* Rule 29.15(b).

"In a motion filed pursuant to Rule 29.15, the movant must allege facts showing a basis for relief to entitle the movant to an evidentiary hearing." *Dorris*, 360 S.W.3d at 267. "In addition to proving his substantive claims, the movant must show he filed his motion within the time limits

---

[2] All rule references are to I MISSOURI COURT RULES—STATE 2013.

provided in the Rules." *Id.* The movant can meet the burden of alleging that he timely filed his motion by either:

> (1) timely filing the original pro se motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the [original *pro se*] motion.

*Id.*

Washington first argues on appeal that his motion should be considered timely filed under the second method of proving timeliness. Washington asserts that he *mailed* his *pro se* motion before the ninety-day deadline, pointing to the date of the letters (August 21, 2013) he used to file his motion with the clerk of the circuit court. However, neither of his filing letters nor his original *pro se* Rule 29.15 motion reference any "recognized exception to the time limits" for filing his motion. Frankly, if we assume, *arguendo*, that Washington did mail his original *pro se* motion to the clerk of the circuit court on August 21, 2013—a motion that was not due until August 27, 2013—at the time of drafting the motion, Washington "could not have been aware of [the] fact [that his motion was untimely and he needed to allege and prove an exception to the time limits]." *Vogl v. State*, 437 S.W.3d 218, 227 (Mo. banc 2014). Simply put, Washington's original *pro se* motion did not allege or purport to establish that Washington was entitled to file his motion outside the time limits required by Rule 29.15 due to a recognized exception to such time limits.

Instead, what Washington essentially argues on appeal is that we should adopt the application of a "mailbox rule," which would make the filing date of a Rule 29.15 motion the date the inmate delivers it to prison authorities for mailing, not the date it is actually received in the circuit clerk's office. "The appellate courts of this state have historically rejected applying the mailbox rule to the filing of postconviction relief motions." *Stidham v. State*, 963 S.W.2d 351,

353 (Mo. App. W.D. 1998). *See also Patterson v. State*, 164 S.W.3d 546, 548 (Mo. App. E.D. 2005) ("The only relevant inquiry under Missouri law is when the post-conviction motion was filed with the clerk of the circuit court, not when it was mailed."); *State v. Collier*, 918 S.W.2d 354, 356 (Mo. App. W.D. 1996) ("Collier concedes his [*pro se* Rule 29.15] motion was late, but argues he did all he could do to comply and should not be penalized for his lack of control over the mail. He requests that we apply the 'mailbox rule' to the filing of motions for post-conviction relief. We decline to do so. A post-conviction motion is considered filed when deposited with the circuit court clerk, not when the motion is mailed." (Internal quotation and citation omitted.)). Similarly, here, we decline Washington's invitation to apply a "mailbox rule" to the filing of his original *pro se* motion.

Here, Washington's original *pro se* Rule 29.15 motion: (1) was not stamped filed by the clerk of the circuit court within the time limits required by Rule 29.15; (2) did not allege or purport to establish an exception to the time limits; and the amended motion (3) does not allege or point to any evidence in the record demonstrating that the clerk of the circuit court received the original *pro se* motion on or before August 27, 2013, but simply misfiled the motion.

This brings us to Washington's next argument: that though he recognizes his appointed post-conviction counsel did *not* assert any allegation in the amended motion that the clerk of the circuit court misfiled his *pro se* motion (*i.e.*, the third method of alleging and proving timeliness), his appointed counsel should have investigated the events surrounding the filing of the original *pro se* motion, said counsel should have alleged in the amended motion a circuit clerk misfiling of the original *pro se* motion (though on appeal he points to nothing but speculation about why the original *pro se* motion was not stamped filed until September 4, 2013), and counsel's failure to do so constituted abandonment by post-conviction counsel.

In making this argument, Washington erroneously conflates the concepts of abandonment with a claim of ineffective assistance of post-conviction counsel.

In the context of post-conviction counsel, Missouri defines "abandonment" narrowly. "[A]bandonment is available when (1) post-conviction counsel takes no action on movant's behalf with respect to filing an amended motion . . . or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Barton v. State*, 486 S.W.3d 332, 338 (Mo. banc 2016) (internal quotation omitted). Accordingly, "[c]laims of abandonment are reviewed carefully to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel." *Id.* (internal quotation omitted).

Here, Washington does not claim either that his post-conviction counsel failed to file an amended motion on his behalf[3] or that the filing of the amended motion itself by post-conviction counsel was untimely. Instead, Washington argues that the substance of the argument contained within the amended motion constitutes a failure on the part of post-conviction counsel to provide him with effective assistance of counsel. As "[Washington's] claim is one of ineffective assistance of post-conviction counsel, [it] is categorically unreviewable in Missouri state courts." *Id.*

Because Washington failed to timely file his initial *pro se* motion, and because his amended motion failed to allege any facts supporting his qualification for a recognized exception to the Rule 29.15 filing time limit, Washington has waived both his right to proceed under Rule 29.15 and any claim that could be raised in such a motion. *See* Rule 29.15(b); *Dorris v. State*, 360

---

[3] This is the reason that Washington's reliance upon *Vogl v. State*, 437 S.W.3d 218 (Mo. banc 2014), is misplaced. In *Vogl*, the Missouri Supreme Court held that there is a presumption of abandonment by post-conviction counsel where appointed counsel fails to timely file an amended motion or a statement setting out facts demonstrating the actions taken by counsel to ensure that no amended motion was necessary. *Id.* at 230. Here, Washington's post-conviction counsel did, in fact, file an amended motion on Washington's behalf and there is thus no presumption that Washington's post-conviction counsel abandoned him.

S.W.3d 260, 268 (Mo. banc 2012). The circuit court did not have authority to address Washington's motion on the merits, and instead was required to dismiss it. *Miller v. State*, 386 S.W.3d 225, 227 (Mo. App. W.D. 2012). In order to enforce this valid and mandatory court rule, we vacate the circuit court's judgment and remand with directions to the circuit court to dismiss Washington's *pro se* motion as untimely. *See Dorris*, 360 S.W.3d at 270.

## Conclusion

The circuit court's judgment is vacated, and the cause is remanded to the circuit court with instructions to dismiss Washington's untimely Rule 29.15 motion.

_____
Mark D. Pfeiffer, Chief Judge

Thomas H. Newton and Gary D. Witt, Judges, concur.