**Daniel Ray BAIRD, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 34427**

Missouri Court of Appeals,
Southern District,
**Division One.**

Filed: March 16, 2017

ATTORNEY FOR APPELLANT—ELLEN H. FLOTTMAN, Columbia, MO

ATTORNEY FOR RESPONDENT—SHAUN J. MACKELPRANG, Jefferson City, MO

MARY W. SHEFFIELD, C.J.—OPINION AUTHOR

Daniel Ray Baird ("Movant") appeals from the dismissal of his untimely *pro se* Rule 24.035 motion for post-conviction relief.[1] In his sole point he claims his motion should be deemed timely under the "mailbox rule." We reject this claim and affirm the motion court's dismissal.

### Factual and Procedural Background

Movant plead guilty to one count of second-degree robbery, one count of second-degree murder, and one count of armed criminal action. He was delivered to the Department of Corrections to begin serving his thirty-five year sentence on October 25, 2013.

On April 28, 2014, Movant's *pro se* Rule 24.035 motion for post-conviction relief was received and date stamped by the circuit clerk's office. The State thereafter moved to dismiss the motion as untimely.

At a hearing on the motion to dismiss, Movant testified he understood the motion was due on Wednesday, April 23, 2014, and he placed it in the prison outgoing mailbox on Thursday, April 17, 2014. He provided no additional evidence to explain what happened to his motion between its mailing on April 17, 2014 and its filing on April 28, 2014.

The motion court concluded that no recognized exception to excuse the untimely filing was applicable and granted the State's motion to dismiss. Movant now appeals.

---

**1.** All rule references are to Missouri Court Rules (2016).

## Discussion

Movant contends in his sole point on appeal that the motion court erred in dismissing his motion for post-conviction relief. He concedes that the motion was untimely, *see* Rule 24.035(b), but argues it "should have been deemed timely filed under the 'mailbox rule[.]' " We disagree.

■ Because there was no appeal in this case, Movant had 180 days from the date he was delivered to the custody of the Department of Corrections to file a motion for post-conviction relief. *See* Rule 24.035(b). Movant was delivered to the Department of Corrections on October 25, 2013. Therefore, his post-conviction relief motion was due no later than April 23, 2014. Furthermore, "[a] post-conviction motion is deemed filed when it is deposited with the clerk of the circuit court." *Patterson v. State*, 164 S.W.3d 546, 548 (Mo. App. E.D. 2005); *see also* Rule 24.035(c) (stating that a movant shall file a motion with the clerk of the trial court). "A movant's failure to file a Rule 24.035 motion within 180 days of the date he is delivered to the custody of the Department of Corrections results in the movant's *complete waiver* of his right to proceed on that motion." *Greenleaf v. State*, 501 S.W.3d 911, 912 (Mo. App. E.D. 2016). "If the motion was not timely filed, it must be dismissed, as neither the motion court nor this Court has any authority to address the merits of [Movant]'s post-conviction claims." *Graves v. State*, 372 S.W.3d 546, 548 (Mo. App. W.D. 2012).

Movant's pro se motion was received and date-stamped by the circuit clerk's office on April 28, 2014, five days after the 180–day time limit had expired. The motion did not allege or purport to establish that Movant could file a motion for post-conviction relief outside the time limits of Rule 24.035 under a recognized exception to such time limits. The motion was therefore untimely, and the motion court correctly dismissed it.

■ Movant's only argument in support of a contrary conclusion is that this Court should apply the mailbox rule, i.e., the filing date of his motion should be determined by the date he placed it in the outgoing prison mailbox, not the date it was received by the circuit court clerk. Missouri appellate courts have consistently rejected this argument. *See, e.g., Patterson*, 164 S.W.3d at 548; *Purdue v. State*, 14 S.W.3d 255, 256–57 (Mo. App. S.D. 2000); *Stidham v. State*, 963 S.W.2d 351, 353 (Mo. App. W.D. 1998); *State v. Collier*, 918 S.W.2d 354, 356 (Mo. App. W.D. 1996); *Day v. State*, 864 S.W.2d 24, 25 (Mo. App. S.D. 1993); *O'Rourke v. State*, 782 S.W.2d 808, 809–810 (Mo. App. W.D. 1990). As has been observed, "[t]he only relevant inquiry under Missouri law is when the post-conviction motion was filed with the clerk of the circuit court, not when it was mailed." *Patterson*, 164 S.W.3d at 548. We see no reason to depart from this long list of well-reasoned precedent unless and until our Supreme Court instructs us otherwise.

Movant relies on *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), in which the United States Supreme Court held that under federal rules of procedure, a *pro se* defendant filed his notice of appeal when he delivered it to prison authorities for forwarding. *Id.* at 276, 108 S.Ct. 2379. However, Movant's argument that *Lack* should apply to Missouri's procedure for post-conviction relief has also been considered previously and rejected. *See Day*, 864 S.W.2d at 25; *O'Rourke*, 782 S.W.2d at 809–810 (concluding "*Houston v. Lack* does not compel abandonment of the express terms of Rule 24.035").

Movant further relies on *Spells v. State*, 213 S.W.3d 700, 701–702 (Mo. App. W.D. 2007), and *McFadden v. State*, 256 S.W.3d 103, 109 (Mo. banc 2008). He notes that both cases quoted language from *Lack*. However, as observed by our Supreme Court in *Price v. State*, 422 S.W.3d 292 (Mo. banc 2014), both *Spells* and *McFadden* involved situations in which the active interference of a third party beyond an inmate's control resulted in untimely post-conviction relief motions. *Id.* at 301–307. Here, Movant does not allege his motion was delayed as a result of interference by a third party. Thus, *Spells* and *McFadden* are not relevant to Movant's claim.

In this case, Defendant's motion for post-conviction relief was filed with the clerk of the circuit court after the mandatory 180–day time limit of Rule 24.035(b).

He did not claim that a recognized exception applied to excuse his late filing. As such, the motion court did not err in dismissing the motion as untimely.

### Decision

The motion court's order dismissing Defendant's post-conviction relief motion is affirmed.

JEFFREY W. BATES, P.J.—CONCURS

DON E. BURRELL, J.—CONCURS