

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

EL-VESTER ROBINSON,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellant,　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　WD84102
　　　　　　　　　　　　　　　　　)
STATE OF MISSOURI,　　　　　　　　)　　　Opinion filed:  February 22, 2022
　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　　　　)

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE JALILAH OTTO, JUDGE**

Division Two:  Alok Ahuja, Presiding Judge,
Edward R. Ardini, Jr., Judge, and Janet L. Sutton, Judge

El-Vester Robinson ("Robinson") appeals the denial of his Rule 29.15 motion for post-conviction relief by the Circuit Court of Jackson County ("motion court") following his conviction for first-degree child molestation. Because Robinson's Rule 29.15 *pro se* motion was untimely filed, we vacate the judgment and remand to the motion court with directions to dismiss the post-conviction proceeding.

## Factual and Procedural Background

In the underlying criminal case, Robinson was charged, as a predatory sexual offender, with one count of child molestation in the first degree based on the following facts:

In May 2014, Victim, who was just shy of his tenth birthday, reported to his mother ("Mother") that Robinson had previously molested him. Mother took Victim to the police station

where Victim described the abuse to an officer. The officer referred Victim to the Child Protection Center where Victim again described the abuse.

Robinson was arrested and questioned, during which he admitted that Victim's allegations were true. Before trial, Robinson's trial counsel moved to suppress those statements. The motion was denied by the trial court.

At trial, Victim testified that he met Robinson at his grandmother's home before he was old enough to attend school. Victim recalled that Robinson took him to an upstairs bathroom and told him to pull down his pants. When Victim refused, Robinson pulled down Victim's pants, laid face down, naked, in the bathtub, and told Victim to get on top of him. Victim stated that he complied due to threats made by Robinson. Victim explained that, once seated on Robinson with his penis and buttocks touching Robinson's bare back, Robinson ordered him to bounce up and down. Victim stated that this happened more than once. Victim also reported that Robinson had touched his penis and pubic area multiple times.

Robinson did not testify at trial.

The jury found Robinson guilty, and the trial court sentenced him, as a predatory sexual offender, to life imprisonment with eligibility for parole after twenty-five years. Robinson appealed his conviction, which was affirmed by this Court in an order issued pursuant to Rule 30.25(b). *State v. Robinson*, 549 S.W.3d 492 (Mo. App. W.D. 2018). Our mandate issued on April 11, 2018.

Robinson filed his Rule 29.15 *pro se* motion for post-conviction relief in the Circuit Court of Jackson County on August 9, 2018, 120 days after the mandate had issued. Attached to the motion was a note in which Robinson explained that, although he had mailed the motion on July 10, 2018, it had been returned with a message indicating that the motion had been mailed to the

2

wrong address. In fact, Robinson had mailed his *pro se* motion to this Court—the Western District Court of Appeals—where it was stamped "Received" on July 13, 2018. Robinson indicated that after the initial mailing was returned, it took an additional two weeks to obtain the correct address for the Circuit Court of Jackson County.

The motion court appointed counsel for Robinson on August 24, 2018, and granted a thirty-day extension for the filing of the amended motion. Post-conviction counsel filed an amended motion on November 26, 2018. The amended motion did not address the timeliness of Robinson's *pro se* motion other than generally asserting that it had been timely filed. Post-conviction counsel raised one claim in the amended motion, alleging that Robinson's appellate counsel was ineffective for failing to challenge the trial court's denial of Robinson's motion to suppress and the admission of evidence related to Robinson's statements to detectives during questioning. Following an evidentiary hearing, the motion court denied the claim asserted in Robinson's amended motion for post-conviction relief. The motion court made additional findings relevant to the timeliness of the *pro se* motion:

> The Court notes that it received [Robinson's] *pro se* motion after the deadline established by Missouri Supreme Court Rule 29.15. However, the Court finds that [Robinson's] *pro se* motion was originally received and filed at the Missouri Court of Appeals, Western District on July 13, 2018. The Court of Appeals returned the filing to [Robinson] and he mailed it to the Jackson County Circuit Court, the correct venue. When this Court received [Robinson's] *pro se* motion on August 10, 2018, a note was attached explaining that [Robinson] initially sent the filing to the wrong court. The Court finds that it is highly probable that [Robinson] timely mailed his *pro se* Rule 29.15 motion, albeit to the wrong courthouse. The Court deems [Robinson's] *pro se* motion timely filed.

Robinson appeals from the denial of the claim raised in his amended post-conviction motion.

3

**Discussion**

Robinson raises a single point on appeal, arguing that the motion court erred in denying his post-conviction claim that he had received ineffective assistance of appellate counsel. However, before we can consider Robinson's claim of error, we must first address the timeliness of his *pro se* motion for post-conviction relief.

"Failure to file a motion within the time provided by . . . Rule 29.15 shall constitute a complete waiver of any right to proceed under [the rule] and a complete waiver of any claim that could be raised in a motion filed pursuant to [the rule]." Rule 29.15(b).[1] If a *pro se* motion under Rule 29.15 is untimely, "'it must be dismissed, as neither the motion court nor this Court has any authority to address the merits of [the movant's] post-conviction claims.'" *Miller v. State*, 386 S.W.3d 225, 227 (Mo. App. W.D. 2012) (quoting *Graves v. State*, 372 S.W.3d 546, 548 (Mo. App. W.D. 2012)) (additional citation omitted). "Our courts are obligated to enforce the mandatory time limits associated with post-conviction relief[.]" *Id.* (citing *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012)).

Under the version of Rule 29.15 applicable to Robinson's post-conviction proceeding, his *pro se* motion was due "within 90 days after the date the mandate of the appellate court issue[d] affirming [his] judgment or sentence." Rule 29.15(b). In this case, the mandate in Robinson's direct appeal was issued on April 11, 2018, thereby establishing July 10, 2018, as the deadline for the filing of his *pro se* motion.

"'A post-conviction motion is considered filed when deposited with the circuit court clerk.'" *Miller*, 386 S.W.3d at 227 (quoting *Graves*, 372 S.W.3d at 548-49) (additional quotation and citation omitted). Here, Robinson's *pro se* motion was not filed with the Circuit Court of

---

[1] Unless otherwise noted, rule references are to the Missouri Supreme Court Rules, effective January 1, 2018.

Jackson County until August 9, 2018, thirty days after it was due. Despite this tardiness, Robinson argues that his motion should be deemed timely filed based on *Nicholson v. State*, 151 S.W.3d 369 (Mo. banc 2004).

In *Nicholson*, the movant timely filed his Rule 29.15 *pro se* motion with the Circuit Court of St. Louis City; however, proper venue for his post-conviction proceeding lied with the Circuit Court of Cape Girardeau County. *Id*. at 370. The Circuit Court of St. Louis City forwarded the *pro se* motion to Cape Girardeau County, where it was received two days after the deadline. *Id*. The motion court in Cape Girardeau County found the *pro se* motion had been untimely filed and dismissed the proceeding. *Id*. The Missouri Supreme Court reversed relying on the interplay of section 476.410, RSMo, and Rule 51.10. *Id*. Section 476.410 states that a "court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to the division or circuit in which it could have been brought." *Id*. (quoting § 476.410, RSMo). Rule 51.10 requires a court to which such a transfer occurs to treat the case "as if it had originated in the receiving court." *Id*. at 371 (quoting Rule 51.10). Based on these provisions, the Supreme Court held that the *pro se* motion was to be considered filed as of the date it was received by the Circuit Court of St. Louis City. *Id*. Because the Circuit Court of St. Louis City had received the *pro se* motion before the Rule 29.15 deadline, it was declared timely filed.

The State argues that *Nicholson* has no relevance to the present case asserting that section 476.410, RSMo, and Rule 51.10 pertain only to trial courts and do not apply to pleadings misfiled with an appellate court.[2] It is unnecessary for us to resolve that issue because, regardless of the reach of those provisions, *Nicholson* provides no assistance to Robinson. Under its broadest

---

[2] Compare Mo. Const. Art. 5, § 11 and section 477.080, RSMo, which require a district of the court of appeals to transfer a case to the correct district or the Supreme Court if an appeal or writ has been filed in the wrong appellate court. However, neither of these provisions impose a requirement that an appellate court transfer a matter to a trial court when the proceeding was mistakenly initiated in the appellate court.

possible reading, *Nicholson* simply holds that when a Rule 29.15 *pro se* motion has been misdirected by a movant to an incorrect court, it is deemed filed when received by that court. However, this only translates to a meaningful benefit inuring to a movant when the *pro se* motion is received by that court prior to the expiration of the Rule 29.15 filing deadline. Robinson's was not. Instead, Robinson's *pro se* motion was received by this Court three days ***after*** it was required to be filed with the Circuit Court of Jackson County. Therefore, even if we were to apply *Nicholson* and consider the *pro se* motion filed the day it was received by this Court, it was still untimely and dismissal by the motion court was required.

The motion court nevertheless attempted to avoid this outcome by finding it was "highly probable that [Robinson] timely mailed his *pro se* Rule 29.15 motion, albeit to the wrong courthouse." This effort by the motion court to invoke the mailbox rule and deem the *pro se* motion filed as of the date it was originally mailed by Robinson must fail as the undisputed record precludes application of the mailbox rule to this situation. Under Rule 29.15(b), "[i]f the motion is sent to the sentencing court by first-class United States Mail and is addressed correctly with sufficient postage and deposited in the mail on or before the last day for filing the motion, the motion shall be deemed to be filed timely." Thus, in order to invoke the benefits of this rule, in addition to other requirements, a *pro se* motion must be both 1) placed in the mail on or before the last day for filing the motion and 2) "addressed correctly." Here, although Robinson originally mailed his *pro se* motion prior to the applicable Rule 29.15 deadline, it was not "addressed correctly." Therefore, under the plain language of Rule 29.15(b), the mailbox rule cannot aid Robinson.[3]

---

[3] Separate from the mailbox rule now contained in Rule 29.15(b), Missouri courts have repeatedly held that an offender's post-conviction relief motion is deemed filed only upon receipt by clerk of the circuit court. *See, e.g., Washington v. State*, 515 S.W.3d 786, 790 (Mo. App. W.D. 2017); *Baird v. State*, 512 S.W.3d 867, 869 (Mo. App. S.D. 2017); *Patterson v. State*, 164 S.W.3d 546, 548 (Mo. App. E.D. 2005); *Stidham v. State*, 963 S.W.2d 351, 353

Because Robinson's *pro se* motion was not timely filed, his post-conviction claims are waived, and his post-conviction proceeding should have been dismissed. *See* Rule 29.15(b); *Miller*, 386 S.W.3d at 227.

**Conclusion**

This motion court's judgment is vacated, and the case is remanded for dismissal.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

(Mo. App. W.D. 1998). Because Robinson's initial mailing of his *pro se* motion to this Court does not come within Rule 29.15(b), the *pro se* motion could only be deemed "filed," at the earliest, on the date it was received by this Court – not the date it was mailed – which was untimely.